(50 App. Div. 478.)

## WITTLEDER v. CITIZENS' ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

ELECTRICITY—INJURIES—LICENSEE.

> An elevated railroad company had authorized defendant, an electric light company, to maintain its electric wires on the railing of a landing of a stairway built by the railroad company to enable passengers to reach and leave its elevated station.   Children who were not passengers were in the habit of using the stairway, and frequently played thereon.   Plaintiff, a boy, while thus at play, inadvertently threw his arm over the railing, and was injured by contact with a live wire.   There was no proof that he was a trespasser.   *Held*, in an action for the injury, that since plaintiff was rightfully on the stairway, under an implied license, the defendant owed him a duty to see that he was not injured while on the premises, and hence could not avoid liability for its negligence in leaving the wire unprotected.

Appeal from trial term.

Action by Edward J. Wittleder, an infant, by Edward G. Wittleder, his guardian ad litem, against the Citizens' Electric Illuminating Company of Brooklyn.   From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John Notman (Lewis H. Freedman, on the brief), for appellant.
Foster L. Backus, for respondent.

HATCH, J.   We do not find it necessary to discuss any of the questions raised by the counsel for the appellant, further than as discussed in our former decision in this case (Wittleder v. Illuminating Co., 47 App. Div. 410, 62 N. Y. Supp. 297), except the point raised, and argued at considerable length, that the defendant owed the plaintiff no duty.   In reaching this conclusion, we make assumption of fact entirely favorable to the defendant's contention.   Serious complaint is made that in our former opinion we assumed that the defendant had not established any right to have and maintain its wires upon the elevated railroad structure.   Whatever the fact may be in this respect, for the disposition of this case we assume that the defendant had lawful authority to place its wires upon the structure, and to use such structure for that purpose.   The defendant being lawfully upon the structure, what were the rights of the boy thereon, and what duty, if any, did the defendant owe to him?   There is no proof in the case to show what the attitude of the railroad company was towards this boy, or to his companions who were upon the structure at the time of the injury.   It is assumed by the defendant that the stairway leading to the elevated station is private property, that it is in no sense a public highway, and is furnished solely by the railroad company as a means of ingress to and egress from its elevated station for passengers conveyed by the railroad. This conclusion is derived, so far as appears, from the character of the structure, and the use to which the stairway is generally put, and the argument inferentially assumes that the court will take ju-

dicial notice of these facts. Assuming that the learned counsel is right in his assumption of fact that the purpose of the stairway is to enable passengers to reach and leave the elevated station, yet, as it is private property, the railroad company could authorize its use for any other purpose not constituting a nuisance, so far as such use did not defeat its chartered obligation to transport passengers and fulfill its public duties. Indeed, the stairway was not primarily constructed as a support for the defendant's wires, but it was doubtless competent for the railroad company to authorize its use for such purpose. It was equally competent for the railroad company to authorize the use of its stairways for other purposes, within the limitation we have suggested. It could invite any person or persons to come thereon, even though they were not intending passengers. The defendant could make no complaint of such act. It had no more interest therein or thereon, except to have its wires supported, than did the boy who was injured, or any other person. The record shows that children were in the habit of using this stairway and platform, and frequently played thereon; non constat but that they came thereon by express permission of the railroad company or under an implied license. The presumption is, in the absence of proof to the contrary, that the boy's presence upon the stairway was rightful. Lawson, Pres. Ev. rule 16, p. 81. In order to overthrow the presumption, proof that he was a trespasser is required. 2 Greenl. Ev. (15th Ed.) § 613; 1 Jones, Ev. §§ 71, 72. There is no proof in this case showing that the boy was a trespasser, and the court cannot take judicial notice of such fact. The case must therefore be disposed of upon the basis that the boy was rightfully upon the stairway, and, if so, the defendant owed him the same measure of care it owed to any other person rightfully thereon. In this respect the jury were authorized to find that the wire was so placed as to menace the safety of a person who should inadvertently throw his arm over the rail, and, as the danger of injury was very great on account of the hidden force which the wire carried, negligence could be properly predicated of the placing of the wire in such close proximity to the stairway as to permit of contact by such an act.

Under the proof in this case, the most, we think, which can be claimed by the defendant is that the boy was upon the stairway under an implied license. At least, the jury would be authorized so to find. Assuming such to be the fact, and that the defendant could avail itself of the same rule as could the owner of the property, we think enough appeared to charge the defendant with negligence. The measure of the obligation, under such circumstances, has been fairly well defined in this state. For mere passive negligence the defendant would not be liable. Nicholson v. Railway Co., 41 N. Y. 525. That is, an omission to do a proper act does not create liability, while the intervention of an active agency does. Byrne v. Railroad Co., 104 N. Y. 362, 10 N. E. 539. There is a still further distinction. The mere omission to do an act, while not creating liability, is nevertheless dependent upon the fact that the thing which inflicts the injury is not of itself obviously dangerous.

Thus, in Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752, the person going upon the land without invitation was injured by a machine, not in itself obviously dangerous, although defective, which defect, in the exercise of reasonable care, could have been discovered and remedied. This condition was held to exempt from liability, as, under the circumstances, the defendant owed no duty to the person injured. It is clear, from the decision of this case and of the Byrne Case, supra, which followed it, that the rule would not obtain if the instrument in use was obviously dangerous, and especially would this be true if the thing itself was filled with extreme danger, not apparent from observation. In the present case the stringing of a live electric wire, contact with which will inflict severe injuries, if it does not kill, in such close proximity to a thoroughfare along which large numbers of people pass, who are liable to come in contact with it, is an act so dangerous in character and so liable to inflict injury as to remove the case from the authority of these cases exempting from passive negligence, and place it in the category of active negligence. The creation of such a condition is the creation of a nuisance (Heeg v. Licht, 80 N. Y. 579; 1 Wood, Nuis. [3d Ed.] p. 1), and of a nuisance so dangerous in character as to scarcely exempt from liability for injury sustained therefrom by a trespasser. We do not find it necessary to determine in this case that the defendant would be exempted from liability if the boy was in fact a trespasser, nor do we determine that the recovery may not be upheld if he be so treated. We are not required to go this length in order to support this recovery, as there is no proof showing that the boy at the time was a trespasser. The other questions in the case have been fully covered by our former decision. It follows that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.