JAMES FREEMAN, an Infant, by JOHN FREEMAN, his Guardian ad Litem, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — injury by an electric shock to a boy walking upon the girders of a bridge used by an electric railway.*

In an action brought to recover damages for personal injuries, it appeared that the defendant operated a street railway by means of an overhead trolley system over a bridge maintained by the public authorities as a portion of a public highway; that the bridge was sustained by two curved girders, each of which came to the ground at either end of the bridge and rose about thirteen feet in the middle, presenting a flat surface eighteen inches wide, broken by boltheads and by a lamp post which stood on the apex of the arch; that the westerly trolley wire and the westerly guard wire (which latter was about three feet above the girder, carried no current and was designed to protect the trolley wire from contact with other wires) passed in close proximity to the lamp post on the westerly girder; that on the occasion of the accident the plaintiff, a boy ten years of age and concededly *sui juris*, left the footwalk on the bridge and started to walk over the westerly girder; that in attempting to crawl between the guard wire and the lamp post he was burned by the guard wire, which had in some unexplained manner become charged with electricity; that he then grasped the wire and received a severe shock which caused him to fall to the ground and sustain the injuries complained of. There was no evidence of any negligence in the construction of the trolley line, and the only fault alleged was in permitting the guard wire to become charged with electricity.

*Held,* that the complaint was properly dismissed;

That the defendant was not bound to anticipate the occurrence of the accident, and was not chargeable with the high degree of care necessary to prevent it, even though it was shown that other boys had passed over the girders of the bridge, and that one or two of them had been burned;

That the defendant's negligence, if any, was passive and not active, and that, under the circumstances, the plaintiff could not recover except for active negligence.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from an order of the Supreme Court, entered in the office of the clerk of the county of Kings on the 14th day of February, 1900, vacating and setting aside a prior order dismissing the plaintiff's complaint.

*John L. Wells,* for the appellant.

*Thomas F. Magner,* for the respondent.

WOODWARD, J. :

This action is brought to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant. At the close of plaintiff's case, and again at the close of the testimony, defendant moved to dismiss the complaint on the ground that the plaintiff had failed to show that the defendant was negligent; that he had failed to show that he was free from contributory negligence, and that he had failed to make a cause of action against the defendant. This motion was denied, and was followed by a discussion between the court and counsel for the respective parties, resulting in the submission of the case to the jury. The jury disagreed, but before they were discharged the court granted a motion to dismiss the complaint, and on the following day, on its own motion, the order was set aside, and this appeal is from the order setting aside the order dismissing the complaint. No objection is raised to the method of procedure, and we are asked to determine the case upon its merits.

The plaintiff is a boy ten years of age, who is conceded to be *sui juris.* On the 28th day of August, 1899, in company with another boy of about the same age, the plaintiff went to the bridge which crosses Bushwick creek, between Williamsburg and Greenpoint, at Kent avenue. This bridge was the scene of the accident complained of. It was constructed as a drawbridge and is built upon a turntable. The bridge is about one hundred and fifteen feet long, and there are two curved girders sustaining the bridge which come to the ground at either end, and in the center have a rise of about thirteen feet, at which point there is a lamp post. The bridge is a portion of the highway connecting Franklin street, Greenpoint, with Kent avenue in Williamsburg, and was, so far as we know, constructed and maintained by the public authorities. The two girders of this bridge presented a flat surface of about eighteen inches in width, broken by the projection at intervals of the bolt heads by which the lower portions of the bridge were fastened to the girders, while at the apex of the arch, lamp posts, occupying a considerable portion of the space, were erected. The defendant occupied a portion of the driveway across this bridge with its double-track street surface railroad, operated by electricity. The bridge extends Franklin street in a straight

line, but connects with Kent avenue in Williamsburg at an angle of about forty-five degrees, so that it was necessary in placing the trolley equipment to have certain spreaders or guy wires to hold the trolley wires over the center of the tracks in making the turn. From one of these spreaders, running across the bridge to the other, was another wire referred to in the evidence as a guard wire, designed to protect the trolley wire, carrying the current, from contact with other wires. Because of the curve the westerly trolley wire and the westerly guard wire, the latter being about three feet higher than the bridge arch when drawn tight, passed in close proximity to the lamp post of the steel girder. On the day of the accident the plaintiff, instead of keeping upon the footbridge, walked up one of these iron girders to the lamp post, and while in the act of crawling between the post and the guard wire he was struck upon the buttocks by the wire and burned. He grabbed for the wire with his right hand, accepting the plaintiff's version, receiving a severe electric shock which caused him to fall to the bridge below, fracturing his skull. The alleged negligence of the defendant is predicated upon the fact inferable from plaintiff's evidence that the guard wire was charged with electricity at the time of the contact with the boy, but the evidence is wholly lacking to show that this was due to any negligence on the part of the defendant. The defendant had a right to construct its trolley line in a manner to enable it to practically operate its cars, having due regard for the safety of the public. It is not suggested that the construction was faulty, but the plaintiff apparently bases his right to recover on the fact, if it is a fact, that the guard wire had, in some manner, become charged with electricity. The real question is whether the defendant owed the plaintiff any active duty under the circumstances. It is claimed by the plaintiff that it was customary for the boys in the neighborhood of this bridge to walk over the girders, but in view of the fact that it would be necessary to climb to get upon them, that a perfectly safe sidewalk had been constructed for the accommodation of persons on foot, and that the way over the girders was not unobstructed, was the duty imposed upon this defendant, in the exercise of reasonable care, to anticipate that its wires, even if charged with electricity, would be dangerous? They were entirely out of the reach of persons using the street and the side-

walk in the ordinary and orderly manner, and it was only when the plaintiff had gone out of his way and had climbed into a position of danger, independently of the wires, that he was exposed to contact with them. We are of opinion that the defendant was not bound to anticipate this danger, and especially so as the guard wire was not designed for the purpose of carrying a current of electricity, but was for the purpose of protecting the wire which did carry the current, and the usual precautions, by way of inspection, had been taken, to see that there was no leakage of the current from the trolley wire to the guard wire. The guard wire was not intrinsically dangerous; the plaintiff was in a position which one of his own witnesses testified he (the witness) would not dare go if the policeman was around; the negligence, if any, was passive and not active, of omission and not of commission. The case comes, therefore, within the rule of *Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391), and the motion to dismiss the complaint should have been granted. The mere fact that boys had been known to pass over the girders of this bridge, or even that the plaintiff has been able to find one or two other boys who have been burned, does not constitute such a public use of these girders as a means of crossing the bridge as to impose upon the defendant the high degree of care contended for by the plaintiff, and which is necessary to sustain the cause of action. In *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (104 N. Y. 362) the court sustained a charge of the trial court that if the jury "came to the conclusion that the right of passage (over the tracks of the company) was there exercised by the public, as claimed by the plaintiff, notoriously and constantly, previous to and at the time of the accident, then they were required to determine the amount of care and prudence which the defendant was required to exercise in approaching and crossing the alley," but this affords no authority for holding that the defendant is called upon to take notice of the fact that boys, in the absence of a policeman, have climbed upon and passed over the girders of a bridge at some time, and to impose upon the defendant the active duty of actually preventing the guard wires becoming charged with electricity. In the *Larmore Case* (*supra*), where the plaintiff was injured by a defective machine, the court say : "The precise question is whether a person who goes upon the land of another without invitation to

secure employment from the owner of the land, is entitled to indemnity from such owner for an injury happening from the operation of a defective machine on the premises not obviously dangerous, which he passes in the course of his journey if he can show that the owner might have ascertained the defect by the exercise of reasonable care. We know of no case which goes to this extent." While the accident involved in this action occurred upon the highway, and upon the bridge which belonged to the public, the defendant was lawfully occupying the bridge for the purpose of operating its railroad, and the plaintiff cannot be said to have been invited, either by the defendant or the public authorities, to make use of the girders in passing over the bridge. The plaintiff is in no position, therefore, to demand any active care on the part of the defendant under the circumstances of this case. As was said by the court in *Severy* v. *Nickerson* (120 Mass. 306): "There is no duty imposed upon an owner or occupant of premises to keep them in a suitable condition for those who come there for their own convenience merely, without any invitation, either express or which may fairly be implied from the preparation and adaptation of the premises for the purposes for which they are appropriated." The highways being appropriated to the use of the public, consistently with the mutual rights of all, they are to be used in a reasonable manner, and the defendant could not be held to any different liability, under the circumstances of this case, than it would be if it were the owner of this bridge.

In the case of *Wittleder* v. *Citizens' Electric Illuminating Co.* (47 App. Div. 410; 50 id. 478) the plaintiff was injured by contact with a high voltage electric light wire strung and maintained within a few inches of the stairway leading to an elevated railroad station. The plaintiff was a boy about ten years of age, and was, at the time of the accident, at play upon the stairway. The stairway belonged, not to the defendant, but to the elevated railroad company, and being designed for the use of the public, it was not competent for the court to say, as a matter of law, that the plaintiff was not there by the invitation of the railroad company. The complaint in that action alleged that the defendant "negligently constructed and operated" the wire "within one foot of, and unlawfully and dangerously near, the platform," and that it "was not sufficiently nor properly

nor carefully insulated nor covered nor protected," while in the case at bar there is no evidence of any negligence in the construction, but the fault is alleged in that the guard wires had, through negligence, become charged with electricity. This was, at most, a mere passive negligence, as to which the plaintiff has no right, under the circumstances, to complain. In the case cited (50 App. Div. 481) the court points out that "in the present case the stringing of a live electric wire, contact with which will inflict severe injuries, if it does not kill, in such close proximity to a thoroughfare along which large numbers of people pass, who are liable to come in contact with it, is an act so dangerous in character and so liable to inflict injury as to remove the case from the authority of those cases exempting from passive negligence, and place it in the category of active negligence." This is quite a different case from that presented in the case at bar, where the wire which caused the injury was designed to be a dead wire, and which was removed some fourteen or fifteen feet from the passageway which was open to the public, and which could only be reached by climbing upon the superstructure of the bridge. If this wire, through some accident (and it may have been through the negligence of some one other than the defendant, so far as the evidence shows), became charged with electricity, it did not violate any duty which the defendant owed to the plaintiff under the circumstances disclosed by the evidence, and the motion to dismiss the complaint was properly granted.

The order appealed from should be reversed.

All concurred, except BARTLETT, J., absent.

Order vacating order dismissing complaint reversed, with costs.