HARVEY S. ABBEY, Respondent, *v.* THE VILLAGE OF WATKINS and CENTRAL DREDGING COMPANY, Appellants.

Third Department, November 22, 1916.

Negligence — municipal corporations — injury to pedestrian trespassing upon towpath of State canal during reconstruction of village street — when neither village nor State contractor liable — injury by guy rope.

Action against a village and a contractor engaged in dredging a State canal, as codefendants, to recover for personal injuries. It appeared that a portion of a village street which crossed the canal by a bridge was under reconstruction, was partly barred to traffic, and that a sign with the word "detour" was displayed to indicate that the traveling public might use the towpath of the canal as a temporary highway, although it was possible for pedestrians to use the street by means of a footpath. The defendant contractor, under contract with the State, was engaged in dredging the canal three hundred feet southerly from the village street, and had erected guy lines which extended across the towpath to hold the dredge. The plaintiff, wishing only to observe the operation of the dredge, left the village street and while on the towpath was struck and injured by one of the guy ropes that secured the dredge. On appeal from the judgment against both of the defendants, *held*, that as the plaintiff, at the time of the injury, was not a traveler on a public highway as respects the village, the latter was not liable.

*Held, further*, that as the contractor was lawfully conducting its operations entirely upon property of the State where the plaintiff had no right to be, it owed the plaintiff no duty except not to injure him willfully, wantonly or recklessly, and that it was reversible error to refuse so to charge.

HOWARD, J., dissented; KELLOGG, P. J., dissented in part.

APPEAL by the defendants, The Village of Watkins and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schuyler on the 28th day of December, 1915, upon the verdict of a jury for $2,000, and also an appeal by the defendant, The Village of Watkins, from an order entered in said clerk's office on the 20th day of January, 1916, denying its motion for a new trial made upon the minutes.

Fourth street in the village of Watkins extends east and west, crossing by a bridge the Chemung canal, the property of the State, which extends north and south. The towpath of the

canal was on the easterly side thereof, extending southerly from Fourth street. Three hundred feet southerly from Fourth street the appellant Central Dredging Company was operating a dredge in the improvement of the canal under a contract with the State. In the operation of the dredge a swinging or movable line extended from the dredge across the towpath, where it swayed or swung in conjunction with the movements of the dredge. Fourth street immediately to the east of the bridge where it crossed the canal was under reconstruction. On the southerly side, however, was a footpath which although somewhat obstructed by material or refuse was not impassable for pedestrians. A barrier extended part way across the street and the sign "detour" was displayed indicating that the traveling public were to use the towpath along the side of the canal as a temporary highway. Such detour extended beyond the point where the dredge was at work when it turned to the east and rejoined Fourth street on the other side of the work of reconstruction.

Such was the condition on May 18, 1913, when the plaintiff with his wife and some friends went out for a walk. They had no definite objective point in view except to witness the operation of the dredge. They strolled easterly along Fourth street, crossed the bridge, turned to the right along the towpath which was also used as a detour, until they reached a point opposite the dredge when the plaintiff came in contact with the swinging or oscillating line aforesaid, and received injuries for which he has recovered damages herein against both of the defendants on the ground of their negligence.

*Richard H. Thurston* [*Lewis H. Watkins* of counsel], for the appellant the Village of Watkins.

*Hoyt & Spratt* [*Thomas D. Powell* of counsel], for the appellant Central Dredging Company.

*Bertrand W. Nye,* for the respondent.

COCHRANE, J.:

It is contended by the plaintiff that the towpath was at the time a public highway and he asserts liability of both of the

ABBEY v. VILLAGE OF WATKINS.

defendants on the theory that he was a traveler on the public highway and that the responsibility of the defendants to him must be determined with reference to that fact. Whether or not the towpath had been designated as a detour or temporary public highway under such circumstances and in such a manner as to charge the defendants in respect thereto with certain duties and responsibilities toward the traveling public need not be here determined. The purpose of such detour was merely to facilitate travel along Fourth street; to enable traffic to get around the work of reconstruction which obstructed the street. Very clearly no highway had been established upon the towpath for the purpose of enabling any person to reach the place where the dredge was at work. The liability of the village must be measured by the purpose of this detour and the necessity for which it existed and the plaintiff was not making use thereof for any purpose for which the same had been established. His purpose was not to get around the obstruction on Fourth street in order to continue his journey on that street. He left Fourth street for the purpose of visiting the dredge and when he was injured he was not on the towpath for the purpose of travel. He is not to be regarded as a traveler on an ordinary highway. As to him the case is precisely the same as if no detour or temporary highway had been established. The existence of such detour on the towpath was a mere coincidence or circumstance which bore no relation whatever to his accident. The fact that travelers wishing to use Fourth street were obliged as a matter of necessity to make this detour around the obstruction in order to get back on Fourth street gave the plaintiff no right to make use of the same for a purpose entirely different and having no relation whatever to travel on Fourth street. Furthermore there was no obstruction to the normal use of Fourth street by pedestrians. The footpath on the south thereof, although somewhat obstructed, was in constant use, and there is no claim by the plaintiff or any one else that a pedestrian could not readily and without serious difficulty walk along that street. It is doubtful, therefore, whether any pedestrian on Fourth street had any right to use the detour or temporary road along the towpath. But whether that be so or not clearly the plaintiff had no further use for Fourth street and

does not stand to the defendants in the relation of a traveler on a public highway. This is not a case where the traveler on a highway has his attention attracted by some object, such for instance as this dredge, and while incidentally and casually stopping in his travel to observe the same receives an injury. Here the plaintiff had completed his journey on Fourth street which was a public highway and was making use of the detour or temporary expedient not for the purpose of facilitating his travel around the obstruction, but for an entirely independent purpose and one for which the detour had not been established. The village, therefore, even if liable for the detour to those using it for its legitimate purpose owed the plaintiff at the time of the accident no duty in respect thereto.

As to the dredging company the case was submitted to the jury on the theory that the plaintiff at the time of the accident was on a public highway and that such company was liable for ordinary negligence. It follows from what has already been said that such theory is erroneous. The dredging company was lawfully conducting its operations entirely on the property of the State under a contract with the State. The plaintiff was on the property of the State at a point where the dredging company was so lawfully conducting its operations. The fact that the towpath was also being used as a detour as a necessary and temporary incident to travel on Fourth street gave the plaintiff no right to be where he was when he was injured. He was not using the detour as a substitute for Fourth street. The dredging company owed him, therefore, no duty except not to injure him willfully, wantonly or recklessly. (*Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 id. 240; *Cusick* v. *Adams*, 115 id. 55.) The verdict which has been rendered herein against the dredging company does not measure its liability according to that rule. The trial justice was requested to apply that rule in submitting the case to the jury but erroneously declined to do so.

The judgment and order as to the appellant The Village of Watkins must be reversed, with costs, and the complaint dismissed, with costs, and as to the appellant Central Dredging Company the judgment and order must be reversed and a

new trial granted, with costs to the appellant to abide the event.

All concurred, except HOWARD, J., who dissented, and KELLOGG, P. J., who dissented as to the Central Dredging Company.

Judgment and order as to the appellant The Village of Watkins reversed, with costs, and complaint dismissed, with costs, and as to the appellant Central Dredging Company judgment and order reversed and new trial granted, with costs to appellant to abide event.