ROSINA CONSTANTINO, as Administratrix of the Estate of TOMASO CONSTANTINO, Deceased, Appellant, *v.* WATSON CONTRACTING COMPANY, Respondent, Impleaded with Another.

Negligence — liability of a contractor for negligence of his employee causing death of employee of another contractor, working on same premises.

Where plaintiff's intestate, an employee of a contractor about to do mason work for the owner of certain premises, was upon the premises for the purpose of taking measurements for the masonry, the driver of a team employed by defendant, contractor to remove earth from the premises, knocked down, by driving against them, heavy timbers supporting the roof of a portico, which fell upon plaintiff's intestate causing his death, the question of defendant's negligence was for the jury and an order of the Appellate Division reversing the judgment for plaintiff, entered upon the verdict of a jury, cannot be sustained upon the ground that plaintiff's intestate was a trespasser, or at best a licensee, and that defendant's only duty was to refrain from willful injury.

*Constantino* v. *Watson Contracting Co.*, 163 App. Div. 939, reversed.

(Argued December 6, 1916; decided December 28, 1916.)

APPEAL from a judgment, entered June 12, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing the dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Amedio A. Bertini* and *David C. Hirsch* for appellant. Since the evidence presented a question of fact for the jury, the Appellate Division, on reversing the judgment, should have granted a new trial instead of dismissing the complaint. (*Fealey* v. *Bull,* 163 N. Y. 397; *McDonald* v. *Met. St. Ry. Co.,* 167 N. Y. 66; *Colt* v. *S. A. R. R. Co.,* 49 N. Y. 671; *Bagley* v. *Bowe,* 105 N. W. Rep. 171; *Faber* v. *City of New York,* 213 N. Y. 411.)

*James F. Donnelly* for respondent. Upon the facts proven no cause of action was made out by plaintiff. Plaintiff's intestate was a trespasser and the defendant owed him no active duty. (*Sutton* v. *N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 243; *Johnson* v. *N. Y. C. & H. R. R. R. Co.,* 173 N. Y. 82; *Magar* v. *Hammond,* 183 N. Y. 387; *McNeven* v. *Arnott,* 4 App. Div. 133; *Quill* v. *Empire St. T. Co.,* 159 N. Y. 1; *Walsh* v. *F. R. R. Co.,* 145 N. Y. 301; *Larmore* v. *Crown Point I. Co.,* 101 N. Y. 391; *Downes* v. *Elmira Bridge Co.,* 179 N. Y. 136; *Birch* v. *City of New York,* 190 N. Y. 397; *Weitzmann* v. *Barber Asphalt Co.,* 190 N. Y. 452.)

CARDOZO, J. This is an action for injuries resulting in death. One Gilmartin was the owner of a house and lot in the city of New York. A new street was opened at a lower grade, and the defendant was employed to grade it. About five feet of earth remained between the new street line and the house, and this earth the defendant undertook to remove for the owner. As a result of the change of grade the portico had been demolished, but its roof was left, and was supported by timbers fastened firmly in the ground. While the house was in this condition, Gilmartin made a contract with a mason, one Marino, to build a wall along the excavation, but this could not be done till the excavation was finished. Marino in turn employed the plaintiff's intestate, Constantino.

On September 20, 1911, Constantino and his employer came to the scene of the work to see whether they could go on with it. They were told it was not ready for them. There is evidence that Constantino began to make preparatory measurements. While he was there, the defendant's wagon drove up to carry off a load of earth. The driver tried to place the wagon parallel with the house. As he backed up, the front wheels caught in a hole; the driver pulled at the reins; and finally when the wagon moved, it came back so violently and quickly that it was driven against the timbers which held the portico, and threw them to the ground. At this moment Constantino was standing on Gilmartin's land. The timbers fell on him and killed him.

The plaintiff had a verdict against the Watson Contracting Company, the employer of the driver. The Appellate Division reversed and dismissed the complaint on the ground that there was no evidence of negligence. We read the record otherwise. In backing up his wagon the driver was under a duty to take heed of his surroundings. Unmindful of his proximity to the building, he pulled the reins continuously and urged his horses back. We cannot say that the only inference to be drawn from his conduct is one of inevitable accident. The inference is at least permissible that he was driving violently and carelessly. To knock down heavy timbers securely fastened in the soil does not suggest a reasonable measure of caution or control. The case, we think, was for the jury.

The defendant argues that Constantino was a trespasser or at best a licensee, and that the defendant's only duty was to refrain from willful injury. The argument is without force. The rule invoked by the defendant applies only between the licensee and the owner of the land. It has no application between a licensee and strangers or other licensees (*Wittleder* v. *Citizens El. Ill. Co.*, 50 App. Div. 478, 480). There is a distinction, moreover, between the consequences of active and passive

negligence (*Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 362, 366, 367; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301, 306). But Constantino, even relatively to the owner, was not a licensee within the meaning of the rule. He was there at the owner's invitation and in connection with the owner's business (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86).

Our conclusion is that the Appellate Division erred in dismissing the complaint. Its order shows, however, that it reversed on the facts as well as on the law. Its disapproval of the verdict on the facts is beyond our power of review and leads to another trial (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317).

The judgment of the Appellate Division so far as it dismisses the complaint should be reversed, and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK, HOGAN and POUND, JJ.; concur.

Judgment reversed, etc.