DANIEL F. KRUGER, Appellant, *v.* T. HOGAN & SON, INCORPORATED, Respondent.

**Negligence — duty of stevedore to those on ship in performance of their duty — plaintiff, properly on vessel, struck by draft of cargo swung across deck — failure to give warning — negligence of stevedore and contributory negligence of plaintiff questions for jury.**

1. A stevedore employed to load the cargo on a vessel should be watchful for the safety of those on the ship in the performance of their duty and is chargeable with knowledge that men are likely from time to time to walk beside a hatch into which cargo is being lowered.

2. A checker of merchandise as it is loaded on a vessel, who by direction of his superior has gone thereon to bring back a fellow-checker, is on the ship in the performance of his duty, and evidence that he was struck by a draft of cargo swung at the level of his head, while it might easily have been lifted above his height, that his view of its approach was to some extent intercepted, and that, contrary to practice, no warning was given, permits the inference that watch was not maintained, and a jury might find that either the path should have been cleared or a warning should have been given.

3. The significance of circumstances which might have put plaintiff on his guard must be weighed in the light of his testimony that signalmen were absent from their customary places, and his negligence, like the defendant's, is to be determined by the jury.

*Kruger* v. *Hogan & Son, Inc.,* 201 App. Div. 886, reversed.

(Argued October 18, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1922, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Ralph Stout* for appellant. Plaintiff was not a licensee, as defendant contends, but was an invitee, rightfully on the vessel in the discharge of his duties, toward whom defendant was bound to use reasonable care. (Shearman & Redfield on Neg. [6th ed.] § 706; *Connors v. Great Northern El. Co.*, 90 App. Div. 311; *Alexander v. City of New York*, 194 App. Div. 161; *Heskell v. Auburn Light & Power Co.*, 209 N. Y. 86; *The City of Naples*, 69 Fed. Rep. 794; *Meirs v. Koch Brewery*, 229 N. Y. 10; *Bayley v. Curtis Bros. Lumber Co.*, 124 App. Div. 496; *Casey v. L. V. R. R. Co.*, 128 App. Div. 86; *Consolidated Coastwise Co. v. Conley*, 250 Fed. Rep. 679; *Smith v. Brady*, 136 App. Div. 665; *Hicks v. Smith*, 158 App. Div. 299.) The question of defendant's negligence was for the jury. (*Porges v. U. S. M. & T. Co.*, 203 N. Y. 181; *Hudson Trust Co. v. American Linseed Co.*, 190 App. Div. 289; *Hicks v. Smith*, 158 App. Div. 299; *Hanover Bank v. American Dock & Trust Co.*, 148 N. Y. 612; *Foulke v. N. Y. Cons. R. R. Co.*, 228 N. Y. 269; *Thurber v. H. B. M. & F. R. R. Co.*, 60 N. Y. 326; *Volkmar v. Manhattan Ry. Co.*, 134 N. Y. 418; *Matter of Kindberg*, 207 N. Y. 220; *Maxwell v. Peters Co.*, 219 N. Y. 597; *Coutant v. Mason*, 221 N. Y. 49; *Elwood v. Western Union Tel. Co.*, 45 N. Y. 549.) The question of contributory negligence was for the jury. (*Greany v. Long Island R. R. Co.*, 101 N. Y. 419; *Galvin v. Mayor*, 112 N. Y. 223; *Hicks v. Smith*, 158 App. Div. 299.)

*I. R. Oeland* and *Robert H. Woody* for respondent.

CARDOZO, J. In the summer of 1918 the plaintiff was employed by the British War Mission to check mer-

chandise as it was loaded on vessels in the harbor of New York. On the morning of July 1 he checked a quantity of copper loaded from a lighter to the steamship *Ceramic.* This work over, he went to the dock where he received the orders of his superior. The orders were to return to the vessel and bring back a fellow-checker, one Horn, whom he had left behind in the hold. The plaintiff found Horn, and came upstairs upon the deck. A few feet ahead of him was an open hatchway. Abreast of the hatchway, by the rail of the deck, were covered shower baths for the soldiers. As the plaintiff moved forward in the space between the hatch and the showers, a draft of bacon, lifted from a lighter, was swung without warning across the deck. It struck him on the head, and caused injuries for which he sues.

The plaintiff was on the ship in the performance of his duty (*Quinn* v. *Staten Island R. T. Ry. Co.*, 224 N. Y. 493; *Constantino* v. *Watson Contracting Co.*, 219 N. Y. 443). The defendant, a stevedore, employed to load the cargo, should have been watchful for his safety (*Quinn* v. *Staten Island R. T. Ry. Co., supra*). We think the evidence permits the inference that watch was not maintained. The draft of bacon might easily have been lifted above the height of a man, and then dropped into the hatch. Instead it was swung at the level of the plaintiff's head with the intervening shower baths cutting off, at least to some extent, if we accept the plaintiff's statement, his view of its approach. There was a practice, or so a witness for the defendant tells us, to shout a warning to any one whose coming was seen in time, if there was danger of collision. The signal was omitted here. The defendant knew or was chargeable with knowledge that men were likely from time to time to walk beside the hatch. Either the path should have been cleared, or a warning should have been given. At least a jury might so find.

The defendant argues that the presence of workmen at the winches should have put the plaintiff on his guard,

and brought him to the other side of the ship where the course would have been open. The significance of these and other circumstances must be weighed in the light of the plaintiff's testimony that signalmen were absent from their customary places. His negligence like the defendant's is to be determined by the jury.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN and POUND, JJ., concur; McLAUGHLIN, CRANE and ANDREWS, JJ., dissent.

Judgment reversed, etc.