NICHOLAS FERRARI, as Administrator, etc., of DOMINICK FERRARI, Deceased, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY and Another, Appellants.

Fourth Department, June 29, 1928.

*Harris, Beach, Harris & Matson* [*W. Karl Mengerink* of counsel], for the appellants.

*John B. Abbott* [*Harold G. Hutchens* of counsel], for the respondent.

SAWYER, J.   The New York Central Railroad Company owned an overhead bridge in the city of Rochester which carried its tracks over and across King street, the embankments leading to it extending for a considerable distance from either end.

For about two months before the accident out of which this litigation grows it had been engaged in repairing the under part of the bridge and had constructed falsework of plank and timbers about its supports which stood in the street, which falsework extended from the street level upward to the bottom of the bridge stringers.

The defendant Rochester Gas and Electric Corporation was the owner of an electric wire carrying a current of 3,500 to 4,500 volts, which ran from a nearby pole to a street lamp suspended from the underside of the bridge.   Where this wire passed beneath the bridge it was not far to the top of the wooden structure next to the west sidewalk; at a point about one-half way from the floor of the bridge to the bottom of the stringer the insulation of this wire had become worn and frayed and had remained so for some little time before the accident.

North of the bridge was an open space in which the boys of the neighborhood were accustomed to play ball and engage in other sports and many of them, including decedent, also played in the street under and adjacent to the bridge.   After the falsework was built about the abutments, these youngsters from time to time climbed over and upon it and also went up the embankment to a watchman's shanty where they helped him to clean the red lanterns that were hung on it as danger warnings.   It also appears that occasionally some of these children, including plaintiff's intestate, had gone upon the bridge itself.

At about six o'clock in the afternoon of September 14, 1924, Dominick Ferrari, a boy eight years and three months old, with another boy, ran up the embankment and out upon this bridge. The bridge was protected on the side by a railing consisting of three iron rods. After playing there for a while Dominick climbed over the railing and undertook to let himself down to the wooden falsework below with the evident intention of going that way down to the sidewalk.

After he was over the railing he found himself too short to reach the structure underneath and, while in that position, holding one of the rails with both hands, he placed his left foot on the electric light wire in question; as a result he received an electric shock from which, with his consequent fall to the street below, he suffered injuries that shortly caused his death.

No permission had been given the boy to go upon this bridge unless same is to be spelled out of the fact that he, with others, at times played on and about it and that the man who maintained the red lanterns on the temporary structures underneath saw him there and spoke to him without ordering him off. Long-continued acquiescence does not become an invitation. The law does not penalize good nature or indifference nor does permission ripen into right. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82.) He was not an invitee; it is of no importance whether he was a trespasser or a mere licensee; in either case the duty of the defendant railroad to him was the same. The court does not distinguish between mere trespassers or bare licensees (*St. Cartier* v. *N. Y., N. H. & H. R. R. Co.*, 179 App. Div. 117; *Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452, 456) and that duty, under the circumstances here involved, went no further than to abstain from inflicting intentional, wanton or willful injuries upon him. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 92; *Keller* v. *Erie Railroad Co.*, 183 id. 67; *Weitzmann* v. *Barber Asphalt Co.*, 190 id. 452; *Vaughan* v. *Transit Development Co.*, 222 id. 79; *Abbey* v. *Village of Watkins*, 175 App. Div. 660; *Hynes* v. *N. Y. C. R. R. Co.*, 188 id. 178; *Flaherty* v. *Metro Stations, Inc.*, 202 id. 583.) Plaintiff seeks to extend the rule on the faith of an expression used in one of the leading cases on this subject: " it owed him a duty to abstain from injuring him either intentionally or by failing to exercise reasonable care." (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301.) In that case the public had for years used defendant's land as a pathway instead of going around by the public streets. Plaintiff, a small child, entered the premises and was injured while playing on a turntable that was near the path. The court specifically held that defendant owed him no duty of active vigilance and,

while using the quoted statement, qualified it by saying that there was no proof that defendant failed to exercise reasonable care, so far as plaintiff was concerned, " in the conduct of its business with regard to this machine." The statement relates only to the general conduct of its business by the defendant as related to a dangerous piece of machinery and was not intended to extend the general rule of duty governing cases of this sort.

In a later case, where one crossing defendant's land, at a place traveled by the public for a number of years, fell into an excavation and was injured, the rule that to a bare licensee defendant owed only the duty to refrain from intentional and wanton injury was reiterated and affirmed. (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240.) The meaning of " reasonable care " as used by Judge PECKHAM in the *Walsh Case* (*supra*) was considered by the Court of Appeals in *Vaughan* v. *Transit Development Co.* (*supra*) and is defined as either a wrongful act or a breach of some positive duty, the court at the same time reiterating that no requirement of active vigilance is owing to a mere licensee.

Plaintiff's intestate went upon the defendant's railroad bridge without invitation and for his own pleasure. No duty of active vigilance was owing to him. Plaintiff does not claim any intentional, wanton or reckless injury and I believe that the test of reasonable care as laid down in the *Walsh* and *Vaughan Cases* (*supra*) was fully met.

The upper part of the bridge upon which the boy entered was, so far as appears, in good order and repair. The work beneath was open to view and properly protected and guarded; the business and convenience of the public required constant use of both the railroad and the street and was, so far as possible, conserved. It is true that a street light was suspended from the bottom of the bridge and the wires of the gas and electric corporation leading to it were, where same passed under the bridge, attached to it by use of the ordinary glass insulators. The light was a public necessity and no claim is made but that the original installation was done in the usual and proper manner. The wires were safely out of reach from above and below. The defendant railroad was not responsible for their maintenance and the exercise of the care incumbent upon it did not require it to foresee that a boy would undertake to reach the sidewalk below by climbing over its guardrail and down the side of the bridge and understructure and in so doing come in contact with a wire so located. (*Adams* v. *Bullock*, 227 N. Y. 208; *Freeman* v. *Brooklyn Heights Railroad Co.*, 54 App. Div. 596; *Lyman* v. *Putnam Coal & Ice Co.*, 182 id. 705.) The case was tried and decided on the theory that the insulation of the

electric light wires had become worn and defective; the testimony is uncontradicted and sufficiently supports the affirmative finding on that issue. Defendant Rochester Gas and Electric Corporation owned these wires and had them in its care. The fact that plaintiff's decedent was a trespasser upon the railroad structure does not avail to lessen the degree of care ordinarily incumbent upon the gas and electric corporation, especially when, so far as appears, it was itself no more than a mere licensee. (*Wittleder* v. *Citizens' El. Illuminating Co.*, 47 App. Div. 410.) It erected wires along the public street and transmitted over them a current of electricity sufficient in voltage to deprive of life whosoever might come in contact with them. This demanded that they be maintained and operated with reasonable care; reasonable care is a relative term varying with circumstances and surroundings; here only a very attentive oversight of the dangerous instrumentality used by it in its business would meet the measure of its duty. Its responsibility did not end with safe original construction. To safely maintain was equally incumbent upon it. It was using a public street for its own purposes. This was a location where, in addition to the ordinary street traffic, small children, as well as others, were accustomed to play. Childhood is venturesome and boys always have and always will climb over and upon any structure feasible for such sport. The railroad work under the bridge offered strong temptation for children to indulge in such activities. The responsible officers and employees having charge of these wires were bound to take notice of these facts and yet the gas and electric corporation allowed the insulation of its wires to become worn and broken and to remain in that condition, so that the wires themselves when charged with their usual load of electricity were a danger and a menace to all who might come in contact with them and did in fact cause the death of this boy.

There may be some force in the contention that it was not bound to anticipate a climbing down from above upon these wires, but it was bound to anticipate that children would be likely to venture into their proximity and be injured by them. With this knowledge, the duty to keep them in reasonably safe condition is plain and the precise manner in which the accident occurred does not lessen its liability. (*Robertson* v. *Rockland Light & Power Co.*, 187 App. Div. 720.) The child was *non sui juris* and freedom from imputed contributory negligence was shown by plaintiff while defendants made no attempt to prove otherwise.

It follows that the judgment as to the Rochester Gas and Electric Corporation should be affirmed, with costs to the respondent, and that as against the New York Central Railroad Company

the judgment should be reversed and the complaint dismissed, with costs to appellant.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment as to Rochester Gas and Electric Corporation affirmed, with costs. Judgment as to New York Central Railroad Company reversed on the law and facts, with costs, and judgment directed in favor of said defendant dismissing the complaint, with costs.