THEODORE PARNELL, an Infant, by MATTHEW PARNELL, His Guardian ad Litem, Respondent, v. THE HOLLAND FURNACE COMPANY and Another, Appellants.

Fourth Department, March 9, 1932.

*Alpheus R. Phelps,* for the appellant Holland Furnace Company.

*Glen A. Stockwell,* for the appellant Brandt.

*Francis T. Findlay* [*Carlos C. Alden* with him on the brief], for the respondent.

SEARS, P. J. On the 8th day of August, 1929, the plaintiff, an eight-year-old boy, was seriously and painfully injured while playing around a disabled automobile. As compensation for his injuries a verdict of $60,000 has been awarded to him.

The accident took place on private property on the corner of Main street and Linwood avenue in the city of Niagara Falls. The property was owned by J. Benjamin Woodward. There were three buildings on the property, two facing Main street and one Linwood avenue. The building on the corner had two stores on the ground floor which faced Main street. There was also in the building a living apartment which the landlord Woodward had rented to Mrs. Elvira Mahoney. The second building, which faced Main street, was rented by the landlord Woodward to the defendant Holland Furnace Company, of which company the defendant Brandt was the superintendent. The defendant furnace company occupied the ground floor and there carried on the business of selling and repairing hot air furnaces. Toward the rear of this building on the ground floor was a workshop used by the defendant furnace company from which a door led into the space between this building and the corner building. This open space was about ten feet in width and was used by the defendant furnace company as a driveway from Main street. There was

also a living apartment on the second floor of this building which the defendant furnace company rented to Mrs. Marie Stine. There were doors from the building on the corner opening into the space where the driveway was. To the rear of the space between the two buildings the tenants Stine and Mahoney were in the habit of hanging clothes to dry. The spaces about the buildings were also used for the storage of refuse. The tenant Mrs. Stine had two young daughters who at times played in the space back of the building where they lived. The tenant Mrs. Mahoney had a son twelve years old at the time of the accident, who was in the habit of playing about the premises. The infant plaintiff and a brother of his who lived about a block away were friends of the Mahoney boy and sometimes played with the Mahoney boy about the premises at his invitation. There was no definite contract or arrangement with the owner Woodward as to the respective rights of the tenants to the open spaces about the buildings. The use to which they were put shows that they were usable in common, or so the jury was entitled to find.

The defendant Brandt was the registered owner of a Ford automobile of the light delivery truck type, consisting of a closed cab and an open carrying box behind. It had been used in the business of the defendant furnace company to bring to the premises and take away materials and merchandise for the use of the defendant furnace company in its business. The automobile, as to use, is described by a witness who was an employee of the furnace company as a " pick-up truck." Previous to the 1st day of May, 1929, it was damaged in an accident and was then brought by an employee of the defendant furnace company to the premises occupied by the defendant furnace company and left at the end of the driveway between the buildings. Its position was slightly beyond the rear end of the building occupied by the furnace company and substantially opposite the rear end of the building on the corner. The automobile was thereafter stripped of many of its parts; tires were removed, engine parts were removed, the seat cushion was taken out. The removal of the seat cushion exposed to view the gasoline tank which was located directly under the seat.

On the 7th day of August, 1929, the day before the accident, the Mahoney boy, in play, had taken the cap off the gasoline tank and poured in a little water. At this time the boy noticed a smell of gasoline. He did not replace the cap. This left the gasoline tank open. On the eighth day of August the Mahoney boy, the plaintiff and the plaintiff's brother were playing in the space between the two buildings, that is, in the driveway. The plaintiff at a certain moment was standing on the running board of the car.

He picked up two stones which were lying on the bottom of the car and struck them together. An explosion occurred. Flames came out of the gasoline tank. The plaintiff's clothes took fire. He was thrown or fell to the ground and was frightfully burned.

The plaintiff on the occasion of the accident was not on the premises as an invited person or as a licensee in respect to the defendants in a technical sense. His presence was without relation to the rights of the defendant furnace company or of the defendant Brandt. The rights of the defendant furnace company and of the tenant Mrs. Mahoney were entirely independent of one another, neither right was superior or inferior to the other. Their rights were incidental to their respective leases. As between the tenant Mahoney and the plaintiff, the relation of licensor and licensee seems to have existed. This relation between the tenant Mahoney and the plaintiff did not make the plaintiff a licensee of the defendant furnace company; nor was he a trespasser as to the defendant furnace company. He was rightfully upon the land by the permission of a tenant of the owner. Under such circumstances the law applicable to the relation between an owner of property and a person on the land either as a trespasser upon the owner's property or as a licensee, has no application. (*Constantino* v. *Watson Contracting Co.*, 219 N. Y. 443; *Wittleder* v. *Citizens' Elec. Illum. Co.*, 50 App. Div. 478; *Kruger* v. *Hogan & Son, Inc.*, 234 N. Y. 371; 45 C. J. 808, 786.) As to the defendant furnace company and its superintendent, the defendant Brandt, the tenant Mrs. Mahoney and her family and their guests were persons rightfully upon the land by reason of the lease to Mrs. Mahoney from the landlord Woodward. As to such persons, that is, as to the tenant Mrs. Mahoney, her family and guests, as well as to other persons rightfully using the premises about the building, the defendants owed a duty of reasonable care as to the premises in their common use.

The defendants argue that they were not at fault in failing to use such care. They urge that the dismantled automobile was not dangerous; that the gasoline was contained in a closed tank when they left it; that gasoline may be kept in open receptacles without negligence even in places where children are in the habit of playing. (*Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583; affd., 235 N. Y. 605; *Perry* v. *Rochester Lime Co.*, 219 id. 60; *Hall* v. *N. Y. Telephone Co.*, 214 id. 49; *Beetz* v. *City of Brooklyn*, 10 App. Div. 382; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.) The only dangerous element about the dismantled and abandoned car complained of was the gasoline in the tank. As to whether it was dangerous to leave the car as it was left with gasoline in its tank depends upon surrounding circumstances. The defendant furnace company must

have known of the practice of children to play in the driveway and about the premises. A former employee of the defendant furnace company testified that he saw children there on many occasions. The defendants should have taken into consideration the well-known propensities of playing children, among others, to climb about disused vehicles and to take off easily removable parts and appliances. At least the jury were entitled to say that they had this knowledge and should have taken these things into consideration. (*Ferrari* v. *N. Y. C. R. R. Co.*, 224 App. Div. 182; *Powers* v. *Harlow*, 53 Mich. 507.) It is quite true that the defendants could not have anticipated the exact circumstances which occurred and caused the explosion, but the jury was warranted in finding that it was within the limits of reasonable anticipation that some accident of this general character was liable to occur to children playing there as a result of the gasoline being left in the tank. (*Burrows* v. *Livingston-Niagara Power Co.*, 217 App. Div. 206; affd., 244 N. Y. 548; *Connell* v. *Berland*, 223 App. Div. 234; affd., 248 N. Y. 641; *De Haen* v. *Rockwood Sprinkler Co.*, 258 id. 350.) If such was the case, it is immaterial exactly what changed the situation from potential danger to actual disaster. This was not a case where gasoline was being stored incidentally to its use in business. The gasoline was placed in the tank as a motive fuel, but when the car ceased to have the quality of a self-propelled vehicle and was practically abandoned, the gasoline in the tank was purposeless. Yet, it was allowed to remain there for months. These circumstances distinguish this case from those cited by the defendants. (*Robert* v. *U. S. S. B. Emergency Fleet Corp.*, 240 N. Y. 474; *Munsey* v. *Webb*, 231 U. S. 150; *Condran* v. *Park & Tilford*, 213 N. Y. 341.)

The act of the Mahoney boy in removing the cap the day before the accident did not as matter of law break the chain of causation between the acts of the defendants and the accident. It was at most a question for the jury whether such conduct was reasonably to be anticipated. (*Connell* v. *Berland*, supra; *Travell* v. *Bannerman*, 71 App. Div. 439; *Sweet* v. *Perkins*, 196 N. Y. 482.)

As between the two defendants there is no distinction in negligence. The proof of defendant Brandt participating in the act rests upon his registered ownership and his position as superintendent of the defendant furnace company and his presence on the premises in that capacity. The defendant furnace company is shown to have participated by its use of the car, its act, through an employee, in bringing the car into the driveway and leaving it after the car was brought there in the condition in which it remained.

The court charged the jury that the duty of the defendants

toward the plaintiff depended upon whether the plaintiff was a trespasser or licensee or an invited person upon the land, and that only if he were an invited person were the defendants obliged to exercise active vigilance toward him. The jury found that the situation was such that the plaintiff was entitled to the exercise of reasonable care from the defendants. While as shown above, the law in respect to trespassers, licensees and invitees has no application here and the charge was technically erroneous, still the undisputed evidence is such that the defendants were shown to have been obligated to exercise reasonable care toward the plaintiff and other children playing there. The charge, therefore, relating to the duties of a landowner to persons upon the land, although having no relevancy in this particular case, does not constitute reversible error, and may be disregarded in view of the fact that the defendants owed the plaintiff the very duty which the jury found was owed and in respect to which there was negligence.

Other errors occur in the record, such as the receipt in evidence of a photograph of the plaintiff taken before the accident, but, in our opinion, they are not of sufficient importance to require a reversal.

The verdict was a very large one. In view, however, of the character of the injuries, it is not excessive.

The judgment and order should be affirmed, with costs.

All concur, except Edgcomb and Thompson, JJ., who dissent and vote for reversal on the law and for dismissal of the complaint on the sole ground that danger from the disabled car, with gasoline in a closed tank, to children playing thereabout was not reasonably foreseeable by the defendants. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Judgment and order affirmed, with costs.