MANUFACTURERS TRUST COMPANY, as Trustee under a Declaration of Trust Dated December 31, 1935, Appellant, v. PECK-SCHWARTZ REALTY CORPORATION and Others, Defendants, and PIEDMONT HOLDING CORPORATION, Respondent.— Order of the County Court of Nassau county, in so far as appealed from, awarding respondent an additional allowance of $1,750, reversed on the law, with ten dollars costs and disbursements, and the motion for the additional allowance denied, with ten dollars costs. Under the facts disclosed by this record, it was improper to award an extra allowance. The only issue litigated in the first cause of action for the foreclosure of plaintiff's mortgage, and upon which respondent was ultimately successful, was whether or not the mortgage also covered the personal property in the mortgaged premises. Under these circumstances, the subject-matter involved, so far as respondent is concerned, was the personal property. As there is no evidence of the value of the personal property, it follows that there was no ascertained value upon which an allowance could be based. Nor can the amount claimed in the second cause of action, which was dismissed at the close of plaintiff's case, be considered as a basis for the allowance. This cause of action was neither difficult nor extraordinary. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.

LOUISE O. MEUER, INC., Respondent, v. LAWRENCE M. LOEB and BALTZ CONSTRUCTION CORPORATION, Appellants.— Order of the City Court, City of White Plains, denying defendants' motion to dismiss the plaintiff's complaint affirmed, with ten dollars costs and disbursements, with the privilege to the defendants to answer within ten days from the entry of the order hereon upon payment of costs awarded. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

JAMES MORSE, an Infant under the Age of Fourteen Years, by HERMAN MORSE, His Guardian ad Litem, and HERMAN MORSE, Respondents, v. BUFFALO TANK CORPORATION, Appellant.— In an action to recover damages for personal injuries of the infant plaintiff, who was seriously burned as the result of the alleged negligence of the defendant, and by the father to recover for medical expenses and loss of services, the plaintiffs had verdicts. Judgment unanimously affirmed, with costs. (See *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; affd., 260 N. Y. 604.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.