MICHEL COSMETICS, INC., Respondent, v. ARISTIDES G. TSIRKAS, NICHOLAS TSIRKAS and ZANDE COSMETIC CO., INC., Appellants.— Action for an injunction restraining the defendants from engaging in unfair competition with plaintiff in the manufacture of lipsticks, solicitation of its customers and imitation of plaintiff's lipstick containers, and for damages suffered. Final judgment according plaintiff such relief and awarding damages unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

HOWARD ROSENFELD, an Infant under the Age of Fourteen Years, by His Guardian ad Litem, BENJAMIN ROSENFELD, and BENJAMIN ROSENFELD, Appellants, v. G. X. MATTHEWS COMPANY, INC., Respondent, and Others, Defendants.— Action by an infant-plaintiff to recover damages for personal injuries, and by his father for loss of services and medical expenses, resulting from the explosion of gasoline in the tank of an abandoned and dismantled automobile on defendant's vacant property. Judgment in favor of defendant affirmed, with costs. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Close, J., dissents and votes to reverse and grant a new trial, with the following memorandum: The case was submitted to the jury upon two irreconcilable theories. In the main charge of the court the jury were told that they must determine from all the surrounding facts and circumstances whether or not the defendant had knowledge of the presence of the abandoned automobile upon the lot. The jury might have inferred from this that constructive knowledge would be sufficient. Thereafter, at the request of the defendant, the court charged that the defendant could not be charged with negligence unless it had *actual knowledge* of the presence of the automobile, of the fact that the cap was removed from the gas tank and that there was gasoline in the tank, to which exception was taken. Then at the request of the plaintiffs, the court charged explicitly that constructive notice of its presence was sufficient. This left the jury to infer that the plaintiffs had to establish that the defendant had either actual or constructive knowledge of the presence of the automobile, and, in addition, that before the defendant could be held in damages, upon the theory that the abandoned automobile was inherently dangerous, there must be proof that the defendant had *actual knowledge* of the removal of the cap from the gas tank and of the presence of gasoline therein. Common experience teaches otherwise. (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567.) It was also error to refuse to charge, at the plaintiffs' request, that the defendant might be charged with knowledge through an employee of a subsidiary corporation who was directed by an officer of this defendant to inspect the premises and report to him. For that purpose he became the special employee of this defendant.