Alexander Del Gtorno, J.
This is a claim to recover damages for personal injuries sustained by claimant as a result of the alleged negligence of the State. The claim has not been assigned.
On July 15, 1954, at about 1:00 p.m., claimant, an employee of the Cascade Laundry Co., was delivering laundered uniforms of State Park employees to the Hempstead Lake State Park at Hempstead, New York. Entering the ground floor of the “ Employees’ Building ”, or tool shed, he ascended a stairway leading to the first floor of the building. At the time, he was carrying one bundle of laundry under each arm, the larger bundle weighing 37 pounds and being 2% feet wide and 2% feet long, the smaller KA/z pounds and about half the size of the larger. He claims that when he had reached about the third step of the stairway from the top, the step bent under his weight, causing him to lose his balance and to fall backwards down some 14 steps to the bottom of the stairway.
Claimant had made similar deliveries eight or nine times during the previous month and half, and it had been his custom to deliver to the office on the first floor the laundry he had brought and there to pick up soiled uniforms for laundering. *521 For this purpose he had, on those occasions, proceeded from the ground floor of the premises to the first floor by means of this stairway.
The building itself was constructed of unfinished frame studding and boards. The stairway was of wood and had no risers, although the rear part was closed by being covered with boards. Claimant testified that at the time he entered the building on the day in question, the lighting condition was poor, there being only one light bulb at the top of the stairway. The testimony showed that there was also a window, about six feet high and three feet wide, at the left of the top landing. The claimant added that the stairway was only slightly wider than he himself was; that there were no bannisters and that although the steps originally had been two inches thick, the center of the step from which he fell had been worn down to a thickness of one inch. He claimed that on previous occasions he had noticed that this step was loose and that he had made mention of this condition to an employee wearing a Park Department uniform, whose name he did not recall. At the close of claimant’s case, the State moved for a dismissal of the claim on the ground that claimant had failed to present a prima facie case. Decision was reserved.
Sergeant Fecher, attached to the Long Island State Parkway, went immediately to the scene of the accident and found a patrolman attending claimant, who was lying on the ground with the two bundles of laundry. The sergeant testified that claimant complained of a back injury and, upon being asked by the patrolman what had happened, claimant replied that he had lost his balance at the top of the stairs and had fallen backwards. The sergeant said that there was light; that none of the steps was loose and that the pressure of his weight on each step which he applied as a test caused no “ give ” in any. He called for an ambulance which took claimant to Meadowbrook Hospital, where he remained for three days.
The Superintendent of the Park, Edward Lieber, who also responded when notified of the accident, testified that as part of his duties, he inspected every part of the park regularly and caused repairs to be made when required; that he saw the stairway in question at least once each day and that it was used daily by some 35 to 40 employees; that the steps of the stairway had not been repaired, changed or renovated since the accident and that State’s Exhibit A, a picture taken one week after the accident, was a fair representation of the stairway as of July, 1954. He stated further that there had been no accidents on this stairway prior or subsequent to the accident involved herein. *522 He described the steps as being 27 inches wide, made of 2 inch by 8-inch oak board, not nailed to the side framing studs but supported by being fitted into two-inch grooves made in the side studs. He stated that claimant had been permitted to enter the building. Having made an inspection immediately after the accident, he found that there were no loose or worn steps on the stairway. The top landing was an area 10 feet wide by 8 feet deep, with another window, 28 inches by 28 inches, at the front of the area. (State’s Exhibit A.) Mr. Lieber testified also that he found the claimant lying at the foot of the stairway with the two laundry bags, and, investigating immediately, found the 150-watt light bulb was lighted, sunlight was streaming throug'h both windows and no evidence of any debris in the area. He tested each step of the stairway and found that although he weighed 175 pounds, about the same as claimant, no step exhibited any sign of weakness.
At the close of the entire ease, the State renewed its motion for dismissal of the claim.
The court is aware that disabling personal injuries were sustained by claimant but considers it unnecessary to do more than mention the fact because of the decision herein.
Claimant entered upon the premises for a business purpose which was of mutual interest to the State and to the employer of claimant. Claimant was an invitee. (Constantino v. Watson Contr. Co., 219 N. Y. 443; Bianchi v. Loblaw Groceterias, 304 N. Y. 886, affg. 279 App. Div. 1039; Moretti v. Gulino, 297 N. Y. 867.) In the Constantino case, an employee of a contractor about to do masonry work for the owner of certain premises was present thereon for the purpose of taking measurements for the masonry, and was killed by timber which fell upon him. The court held that he was neither a trespasser nor a licensee, but an invitee because he was there at the owner’s invitation and in connection with the owner’s business. The court cited the case of Heskell v. Auburn Light, Heat & Power Co. (209 N. Y. 86, 91) which held: “ The circumstances which may offer or sustain an implied invitation to a person to enter upon the property of another are, as the authorities attest, manifold, and whether they have that effect cannot be tested by any general and invariable rule. The Supreme Court of Massachusetts has formulated a rule potently indicative of the essentials of an implied invitation, if not comprehensive and absolute, as follows : ‘ To come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least *523 be some mutuality of interest in the subject to which the visitor’s business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant.’ ”
The State was not an insurer of claimant’s safety, but was required to use reasonable care to prevent injury to him, to keep the premises in a reasonably safe condition. (Greene v. Sibley, Lindsay & Curr Co., 257 N. Y. 190; Heffron v. New York Cent. & Hudson Riv. R. R. Co., 223 N. Y. 473; Weller v. Consolidated Gas Co., 198 N. Y. 98.)
The court feels that the unfortunate accident was caused by the manner in which the claimant carried the bundle of laundry in his two arms while proceeding up the stairway. No negligence on the part of the State, however, has been shown. Under the circumstances, and bearing in mind the purpose of the building structure, it is the opinion of the court that the State maintained a safe stairway. The stairway was solid and strong, it obviously being capable of supporting a much heavier load than that of claimant with the bundles. The exhibits indicate that there were no signs of wear, except perhaps at the front edge to a degree insufficient to lessen the thickness. While it is true that the stairway was plain and simple, and had no bannisters, it was strong and useful. In addition, the court finds that there was sufficient light, both natural and artificial. (Weller v. Consolidated Gas Co., supra.) By the use of ordinary care the stairway easily could have been ascended safely by claimant.
The court therefore finds no violation of the duty of the State to maintain the stairway in a reasonably safe condition and no actionable negligence on the part of the State which was the proximate cause of or contributed to the accident.
Further, the court finds that claimant was guilty of contributory negligence in that, as he was ascending the stairway with his laundry bundles in both arms, he failed to watch the steps, a procedure to have been expected of a reasonable, prudent person.
The State’s motion to dismiss renewed at the end of the trial is granted.
The claim is dismissed.
This constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.
Let judgment be entered accordingly.