## WILES v. SHAFFER.

VENDOR AND PURCHASER—DEED AS MORTGAGE—LIENS—BONA FIDE PURCHASER—NOTICE—PAYMENTS.

Where complainant claimed that he provided the purchase price of real property and his wife took title in her name and gave a deed as security for a loan without his consent, a bona fide purchaser on contract from the mortgagee and apparent owner will be protected only as to payments made before he received notice of the fact that the deed was a mortgage.

Appeal from Gladwin; Sharpe, J. Submitted November 12, 1912. (Docket No. 35.) Decided May 29, 1913.

Bill by Martin E. Wiles against Daniel P. Shaffer

and others for an injunction, to set aside a deed, and other relief. From a decree granting partial relief, complainant appeals. Modified and affirmed.

*Campbell & Foster,* for complainant.

*G. C. Leibrand,* for defendant Gregersen.

McALVAY, J. Complainant filed his bill against these defendants for the purpose of setting aside a deed made by Maggie E. Wiles, his former wife, to defendant Daniel P. Shaffer, and for a release from the defendants Shaffer and Gregersen to him of all right and interest claimed by them in and to certain land situated in Gladwin county, described in the bill of complaint, also for an injunction restraining the defendants from interfering with his possession, and for general relief.

There appears to be little dispute between the parties upon the facts in the case. The complainant and appellant admits that the facts as found by the court, with one exception, which will be mentioned later, are correct. These facts are substantially as follows: That prior to June 18, 1906, complainant and his wife lived on these premises six or seven years, having purchased the same under contract from one Jacob Schwartz, and had made certain improvements during that time, consisting of clearing 12 acres and building a small house, barn, and other buildings; that on that date the complainant gave his wife the money to complete the payment of the entire purchase price; that she paid part only, taking a deed in her own name, and gave a mortgage back to the grantor for $99. The bill shows that he "consented that the title to the land should be placed in her name." The parties separated about this time, the complainant alleges owing to the undue intimacy between Shaffer and his wife. He locked up the house and went away, remaining more than a year. On January 22, 1907,

Mrs. Wiles conveyed the land to Shaffer as security to him for cash loaned to her by him to pay the Schwartz mortgage, amounting to $106 and $10 additional, making a total of $116. This was a deed absolute in form, but defendant Shaffer admits he was to reconvey on payment to him of this amount. He recorded his deed soon after this date. Shaffer for a time went into and held possession of the premises, which had been unoccupied since the parties separated.

On March 27, 1909, Shaffer sold this land under contract to defendant Gregersen for $600, of which $150 was paid in cash, the balance payable in five years with interest. He also received from Gregersen $31.50 as interest March 25, 1910. Shaffer paid the taxes of 1907, amounting to $6.61. Gregersen, at the time he took the contract from Shaffer, had no notice that Shaffer's deed from Mrs. Wiles was a mortgage, and made the purchase in good faith, relying upon the record title. He went into possession by putting a tenant on the land. The length of time he remained there does not appear. The evidence does not show that he made any improvements. The court inadvertently found to the contrary. This defendant paid the taxes of 1908, 1909, and 1910, amounting to $29.15. In June, 1910, complainant returned to these premises, entered upon, and took possession of them, and has continued in possession ever since. He has cut some wood and a little timber since his return. In his bill of complaint complainant asks that he be decreed to be the legal owner of these premises, and that the deed to Shaffer be canceled, and that the defendants convey and release to him any interest they may have in the land, and also for general relief. The bill was taken as confessed by defendant Maggie E. Wiles, who has conveyed all of her interest to complainant. Defendant Shaffer denies that complainant is entitled to any such relief as against him. Defendant Gregersen insists that he is protected as a bona fide purchaser,

offering to make payment of the balance due under the contract to the party declared to be entitled thereto.

The court found as a matter of law: That the deed from Mrs. Wiles to defendant Shaffer was in fact a mortgage, to secure the total sum of $137.61; that his conveyance to defendant Gregersen was without authority, and that he had received from him $43.89 belonging to complainant over and above the entire amount for which he held the land as security, less a certain small difference in computing interest; that Shaffer should reconvey to complainant; that Gregersen was a bona fide purchaser, and his contract was enforceable against complainant; and that upon payment of the balance due thereon to him he would be entitled to a deed from complainant. A decree was entered in accordance with the findings and conclusions of the court, and complainant has appealed therefrom, and asks for a reversal of that portion of the decree which determines the Shaffer contract to Gregersen as enforceable, requires a conveyance from him to defendant Gregersen of the said premises upon payment of the entire balance due on said contract. This is the only question to be determined by this court.

The complainant's contention is that he is the owner in fee of these premises, having since suit was commenced acquired by deed the interest of his former wife, Maggie E. Wiles; that, as found by the court, the interest defendant Shaffer acquired by the conveyance from Mrs. Wiles was a mortgage interest to secure the amount loaned her; that the contract of Shaffer with defendant Gregersen to sell and convey said premises was unauthorized, and that defendant Gregersen, in entering into such contract as purchaser without a deed, is protected by his good faith only so far as he has made payments before notice; that the decree should be so modified, fixing the amount to be paid Gregersen for payments made with interest and taxes up to the time of notice of complainant's claim to

the premises. Gregersen is the only defendant who has filed a brief in this court, and in it he contends against the determination of the court below relative to the nature of the conveyance from Mrs. Wiles to Shaffer. The determination of the trial court that the legal title did not pass to Shaffer by the conveyance to him from Mrs. Wiles, which he admits in his answer was intended as security, cannot be questioned in this court by the appellee Gregersen. That question is foreclosed to him. The appellant accepts it, and bases his right to question the *bona fides* of defendant Gregersen upon it.

This defendant is a contract purchaser without a deed. The question here is whether the rule applies that he is only protected as a good-faith purchaser to the extent of his payments before notice. It appears to be the well-settled doctrine in this State, under the repeated decisions of this court, that in this class of cases, to constitute a bona fide purchaser, there must be want of notice both at the time of the purchase and at the time of payment of the purchase money. This court, in a case where a purchaser, as in the instant case, had notice of the litigation and injunction, said:

"But if he had notice of the suit and of the process of injunction, as it seems that he did, his position as a bona fide purchaser could not constitute full protection. He had as yet no deed, and he had only paid the purchase price in part; and at most, therefore, he would be protected only to the extent of such payments. *Warner* v. *Whittaker*, 6 Mich. 133 (72 Am. Dec. 65); *Blanchard* v. *Tyler*, 12 Mich. 339 (86 Am. Dec. 57)."

See, also, *Dickinson* v. *Wright*, 56 Mich. 42, 49 (22 N. W. 312); *Carveth* v. *Winegar*, 133 Mich. 34 (94 N. W. 381).

The contention of complainant must be sustained. The payment to defendant Gregersen to the extent of

the protection given him as a bona fide purchaser is complete and adequate.

The decree will therefore be modified accordingly, with costs of the court below in favor of complainant against both of these defendants, and the costs of this court against defendant Gregersen, all to be taxed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.