## BALLONA v. PETEX.

1. MORTGAGES—DEED AS MORTGAGE—EVIDENCE—SUFFICIENCY.
   In a suit to have a deed, absolute on its face, declared to be a mortgage, evidence *held,* sufficient to establish that it was given as security only.[1]

2. VENDOR AND PURCHASER—BONA FIDE PURCHASER.
   The vendees in a contract for the purchase of a city lot, the title to which was deeded the vendors as security only, *held,* under the evidence, *bona fide* purchasers.[2]

3. SAME — POSSESSION SUFFICIENT TO PUT PURCHASER UPON IN-QUIRY.
   Where the owner of a vacant city lot, who had deeded it as security only, was not actually in possession, and the abstract showed that he had parted with his title, he was not in such possession as would put prospective purchasers upon inquiry, although there was a "For Sale" sign thereon, giving his name and address.[3]

4. QUIETING TITLE—"FOR SALE" SIGN WITH OWNER'S NAME.
   Placing of a "For Sale" sign upon vacant property alone

---

[1]Mortgages, 27 Cyc. p. 1024; [2]Vendor and Purchaser, 39 Cyc. p. 1784; [3]Id., 39 Cyc. pp. 1749, 1753 (Anno).

is not such possession as necessitates proceedings at law to terminate.[4]

5. VENDOR AND PURCHASER—RIGHT OF BONA FIDE PURCHASER TO BE REIMBURSED BY EQUITABLE OWNER.

Equity requires that *bona fide* vendees in a contract for the purchase of a city lot, the title to which was deeded the vendors as security only, be reimbursed by the equitable owner for all payments, with interest, made by them before they had notice of his claim, on the entry of a decree declaring said deed to be a mortgage.[5]

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted January 19, 1926. (Docket No. 164.) Decided March 20, 1926.

Bill by Sam Ballona against Louis Petex, Martin E. Lezin, Alex Bockall and others to have a deed to defendants Petex declared a mortgage. From a decree for plaintiff defendants Lezin and Bockall appeal. Modified and affirmed.

*Charles R. Thompson,* for plaintiff.

*Leopold D. Mayer,* for appellants.

FELLOWS, J. One Emde obtained a judgment against plaintiff in justice's court on April 22, 1921. Plaintiff desired to appeal and defendant Louis Petex became surety on his appeal bond and he gave Petex a deed of the vacant lot here involved located on Fenkell avenue in Detroit. Emde recovered judgment in the circuit on October 21, 1922, for $330 and costs. Plaintiff paid but $135 on the judgment and refused to pay the balance; he claims to have been sick. Defendant Louis Petex paid the balance of the judgment. Defendants Lezin and Bockall are brothers-in-law. They deal some in real estate. In the spring of 1923, lots on Fenkell avenue were advancing in price, and defendant Lezin acting for himself and Bockall got

[4]Vendor and Purchaser, 39 Cyc. p. 1750; [5]Mortgages, 27 Cyc. p. 1033 (Anno).

from the city treasurer's office the names of owners of lots on Fenkell in this subdivision. Defendant Louis Petex had in the meantime deeded the lot in question to his wife, Carnela. Lezin and Bockall purchased four lots on Fenkell including the lot in question, which they bought on contract with defendants Petex, making a down payment to them of $600. The abstract showed title in Mrs. Petex. They made two other payments of $15 each. We entertain no doubt that they purchased in actual good faith.

Plaintiff files this bill seeking to have his deed to Petex decreed to be a mortgage, and claiming that the transaction with Lezin and Bockall was not *bona fide* and asking that it be set aside as in fraud of his rights. As we have stated, we are satisfied that Lezin and Bockall bought in actual good faith, and we are likewise satisfied that the deed to Petex was given as security only. The trial court so found and a decree was entered declaring the deed to be a mortgage, requiring plaintiff to pay to Lezin and Bockall as equitable assignees of Petex the amount he had paid on the judgment and giving them a decree against Petex for the balance of their payments and damages. This decree is based on the conclusion reached by the trial court that plaintiff had such possession of the lot as to give defendants notice of his rights.

Neither defendants Lezin nor Bockall saw the lot before they purchased it. They knew that lots in this subdivision on Fenkell were advancing in price. They learned who were the owners from the tax roll, sought them out and purchased such lots as they could come to terms on. They insisted on seeing an abstract before making the down payment and it showed title in Mrs. Petex. The lot was a vacant lot; plaintiff lived over on Ellsworth; there was a fence around it and a pump and an abandoned shack on it; there was a "For Sale" sign on it giving plaintiff's name and

address; plaintiff was not actually occupying the lot, and his recorded deed as disclosed by the abstract showed he had parted with title to it. Under the holding of this court in *Fischer* v. *Lauhoff*, 222 Mich. 128, plaintiff did not have such possession as would put defendants upon inquiry. The placing of a for sale sign upon vacant property alone is not such possession as necessitates proceedings at law to terminate. *Donnelly* v. *Lyons*, 173 Mich. 515. Lezin and Bockall were *bona fide* purchasers as matter of fact and we think they were likewise *bona fide* purchasers as matter of law.

Lezin and Bockall purchased on contract and have paid on the purchase price $630. They had not received a deed before they had notice of this suit and of plaintiff's claim, and have not since made further payments. Equity requires that they be reimbursed their payments with interest but it does not require more. *Wiles* v. *Shaffer*, 175 Mich. 704.

The decree will be modified by increasing the amount to be paid Lezin and Bockall to the sum of $630 and interest, and awarding plaintiff a personal decree against defendant Petex for the amount he is required to pay Lezin and Bockall less the sum paid by Petex on the judgment, and as so modified will be affirmed, with costs to appellants.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.