CHARLES AUBREY, Respondent, *v.* MARY F. McCARTHY, *Née* MARY F. SNOWBER, Appellant.

First Department, July 6, 1926.

Landlord and tenant — action by tenant for injuries suffered when he fell down fire escape — plaintiff was using fire escape as entry to yard — other adequate means for entering yard existed — plaintiff was bare licensee and cannot recover.

The plaintiff, a tenant of the defendant, cannot recover damages suffered by him when he fell down the fire escape on the premises at a time when he was using it for the purpose of entering the yard, for it appears that there were other adequate means of entering the yard and that the fire escape was not intended for that purpose but solely for the purpose of escape in the event of fire.

Under the circumstances, the plaintiff was a bare licensee and cannot recover for injuries suffered, which were brought about by his use of the fire escape for a passageway, without any inducement or enticement on the part of the landlord to use the fire escape as a way of access to the yard.

APPEAL by the defendant, Mary F. McCarthy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of October, 1925, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 19th day of October, 1925, denying defendant's motion for a new trial made upon the minutes.

*Irving W. Young, Jr.,* of counsel [*Nadal, Jones & Mowton,* attorneys], for the appellant.

*Philip Cashman,* for the respondent.

McAVOY, J.  Plaintiff had a verdict here against the defendant in an action for personal injuries in the sum of $1,000, which was entered in judgment with interest and costs.  The defendant is alleged to have been negligent, because, as asserted by plaintiff, a wooden platform, approximately two by four feet, which was resting on an iron fire escape on the ground floor of the premises where plaintiff resided, tilted with him when he stepped out upon it and he was thrown down the fire escape ladder.  He had previously used the fire escape and knew that this wooden platform was on this landing.  His reason for going upon the fire escape to go down into the yard was that an article of his child's clothing, which was on the clothes line between two windows of his apartment, while the clothing was being removed, had fallen to the areaway below, and he, accompanied by his wife, had proceeded down the regular staircase leading to the ground floor and had gone out through the lower hallway to the fire escape to go into the yard and had there fallen.

There was dispute as to whether or not the wooden platform had been laid over the steel platform of the fire escape at any time.  The agent had seen this fire escape for many years and said he had never seen the wooden platform described.

The plaintiff testified that he placed his right foot on the platform and in stepping forward with his left foot caught the battens underneath the wooden boards and this tilted the platform, throwing him down.  The fire escape was not intended to be used as a means of entry to the yard and was only offered for use by the landlord as a passageway to the areaway in the event of fire.

The plaintiff and his wife testified that they often used the fire escape as a means to gain access to the cellar.  There was an

interior stairway provided from the ground floor into the cellar, and to reach the cellar by the means of the fire escape one had to climb through a window. There was no claim of any defect in the fire escape itself, and as it was not provided for the common use of tenants in the building to gain access to the basement, it does not seem that the landlord can be held liable for injuries resulting from the tenants' using it for any other purpose except that for which it was intended. Plaintiff was, therefore, in our opinion, a bare licensee and he cannot be compensated for injuries brought about by his going on this platform to use it for a passageway without any inducement or enticement on the part of the landlord so to make use of it as a way of access to the yard.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.