JOHN H. CAVANAUGH, an Infant, by WILLIAM J. CAVANAUGH, His Guardian ad Litem, Respondent, *v.* PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.

WILLIAM J. CAVANAUGH, Respondent, *v.* PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.

Fourth Department, January 21, 1932.

*Harry C. Mizen,* for the appellant.

*Avery S. Wright,* for the respondents.

PER CURIAM.  In granting this application we deem it desirable briefly to state the grounds of our decision affirming the judgments of the trial court so far as concerns the questions which appellant says it desires to have reviewed by the Court of Appeals.

1. Whether the familiar rule applicable between a casual trespasser or bare licensee and the owner or possessor of land is also applicable to known constant trespassers or bare licensees (Compare chap. 2, topic A, title I, Restatement of the Law of Torts) does not concern us here.  That rule " applies only between the licensee and the owner of the land.  It has no application between a licensee and strangers or other licensees." (*Constantino* v. *Watson Contracting Co.,* 219 N. Y. 443, 445.)  (See, also, *Wittleder* v. *Citizens' El. Ill. Co.,* 50 App. Div. 478, 480; *Ferrari* v. *N. Y. C. R. R. Co.,* 224 id. 182; affd., 250 N. Y. 527; *Gobrys* v. *Utica Gas & Elec. Co.,* 201 App. Div. 872; *Nelson* v. *Branford L. & W. Co.,* 75 Conn. 548.) The defendant was not the owner or possessor of the bridge.  It was on the bridge by consent of the city of Oswego, implied under the terms of the lighting contract.  The injured boy was also there by consent implied from long-continued acquiescence.  To that effect the trial judge charged without exception.

2. The testimony of the witness Churchill relating to the condition of wires elsewhere than on the bridge was not, we think, adduced to prove negligence in failing to maintain their insulation. The complaint contained no such charge of negligence.  The negligence as to which plaintiff adduced proof and upon which he relied was the failure to maintain proper insulation at a particular point on a particular wire carrying a high voltage.  Defendant's answering proof was directed to the point that the wire did not and could not carry voltage high enough to cause wounds of the character shown by plaintiff's proof.  The testimony in question was thereupon properly, as we think, given in rebuttal to show a source of high voltage not negatived by defendant's proof.

As to the ruling on the objection to the hypothetical question put to the same witness, we think there was no error. The question assumed facts testified to as existing both before and after a particular day and thus, presumptively, existing on that particular day. This is not an unusual method of proof where direct evidence is wanting. The further objection urged on appeal that the question assumed a defective transformer of which there was no direct proof, was not available under the scope and language of the objection interposed on the trial; and in any event the condition of the transformer became part of the larger question of fact on the circumstantial evidence in the case.

Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

On each application: Motion for leave to appeal to the Court of Appeals granted.