ALICE VEGA, an Infant, by Her Guardian ad Litem, EDWARD VEGA, and EDWARD VEGA, Respondents, v. GUSTAVE LANGE, JR., Individually and as Executor, etc., of FRANCIS HUBER, Deceased, Appellant, Impleaded with DOMINICK DEBIASO and Another, Defendants.

First Department, October 30, 1936.

*Richard C. Wagner* of counsel [*Gustav Lange, Jr.*, attorney], for the appellant.

*Frank A. Rossini*, for the respondents.

GLENNON, J. This is an appeal from an order denying the appellant's motion to dismiss the complaint for failure to state a cause of action. It is conceded for the purpose of this motion that the allegations predicated upon negligence are true.

Two causes of action are set forth, one by the infant plaintiff for injuries suffered, and the other by her father for loss of services. For the purpose of this motion they shall be treated as one. It is alleged in substance that the premises, located at 116 East One Hundred and Second street, Manhattan, were owned by the codefendants, Dominick DeBiaso and Joseph DeBiaso; that on the 26th day of December, 1934, one Francis Huber, who was the owner and holder of a first mortgage covering the premises, entered into possession and control under the terms of his mortgage and with the consent of the codefendants collected the rents and otherwise acted as a mortgagee in possession. It is further alleged that that he died on the same day.

The appellant qualified as executor of the Huber estate on the 14th day of February, 1935, and it is stated, assumed possession and control; that said premises was a multiple dwelling house for the use and occupation of different families; that the infant plaintiff was the daughter of the coplaintiff who was a tenant in the multiple dwelling and occupied an apartment on the ground floor; and that the appellant and the codefendants reserved for themselves, among other things, the exclusive care and control of the fire escapes, balcony and rear yard. It is alleged that the tenants in the ground floor apartment used the balcony of the fire escape adjoining their apartments and the rear yard situated about four feet below the balcony as a place of recreation and repose, with the knowledge and consent of the defendants. It is then charged that the defendants failed and neglected to keep the fire escape and balcony in good and proper repair and safe condition; and finally, pursuant to the averments of paragraph eleventh: " Upon information and belief that on or about the 1st day of June, 1935, while the infant plaintiff was lawfully upon said fire escape or balcony with the approval and consent of the defendants, their agents, servants and employees, solely through the negligence of the defendants, their agents as aforesaid, and without any fault or lack of care on her part the said infant plaintiff was caused to fall through a defective bar in the guard rail of said fire escape or balcony and was precipitated violently to the cellar

below. That as a result of the premises aforesaid the said infant plaintiff suffered great bodily injuries with accompanying pain."

The question to be determined is whether or not upon the facts as they appear in the complaint, this appellant can be held liable for injuries sustained on the fire escape when used for a purpose other than the primary one for which it was designed. Here it is alleged that the tenant used the fire escape for the purpose of recreation and repose with the knowledge and consent of the landlord. There are no allegations to be found in the pleading of any invitation or inducement on the part of the landlord to use the fire escape for " recreation and repose."

We do not believe that the plaintiffs have set forth facts sufficient in the pleading to indicate that they have a cause of action. The infant plaintiff was at most a bare licensee to whom the appellant owed no obligation other than to refrain from active negligence. The reasoning employed by Judge MILLER in *McAlpin* v. *Powell* (70 N. Y. 126) is not only persuasive but controlling. (See, also, *Aubrey* v. *McCarthy*, 217 App. Div. 492.) The mere consent to the use to which the infant plaintiff put the fire escape did not indicate that she was an invitee. In *Vaughan* v. *Transit Devlopment Co.* (222 N. Y. 79, at p. 82) Judge POUND said: " If plaintiff had had no permission to come on the premises he would have been a trespasser. If he had been there by invitation or on lawful business of interest to both parties he would have been an invitee. But he was there by permission, for his own convenience, and his status was that of a bare licensee. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.) Long-continued acquiescence in such use does not become an invitation. The law does not so penalize good nature or indifference nor does permission ripen into right."

We are of the opinion, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted as to defendant-appellant.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted as to the defendant-appellant.