CHARLES FEY, as Administrator, etc., of GEORGE FEY, Respondent, v. RUBIN WOLF, Appellant.— In an action to recover damages for the death of plaintiff's intestate allegedly caused by the wrongful act, neglect or default of defendant, order denying defendant's motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, without costs, and motion granted, without costs, with leave to plaintiff to serve an amended complaint within twenty days from the entry of the order hereon. The complaint, as amplified by the bill of particulars, is insufficient. Taking its allegations at their face value, the defendant under contract with the owner of a building to repair its roof, was in possession and control of the roof for the purpose of making such repairs, and also of a fire escape ladder leading from the third floor to the roof, in the rear of the premises. Defendant locked and fastened a door leading from the hallway to the roof so that it could not be opened from the hallway, and also unfastened the ladder and left it hanging in position, unsecured and unfastened. Plaintiff's intestate, a tenant in the building, intending to go to the roof and finding the door thus locked and fastened, attempted to reach the roof by means of the ladder. It fell with him. His death resulted. The complaint is barren of allegations showing what right, if any, the deceased had to the use of the roof and to enter upon the same from the hallway; likewise of allegations from which it can be inferred whether decedent was, as to the defendant thus in control of the roof and ladder, a trespasser, licensee or invitee. (See *Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; affd., 231 N. Y. 605; *Mendelowitz* v. *Neisner*, 258 id. 181; *Cusick* v. *Adams*, 115 id. 55, 60; *Larmore* v. *Crown Point Iron Co.*, 101 id. 391, 394, 395.) It likewise lacks allegations that tenants were permitted by the landlord to use the roof for utility or recreation; nor does it allege any custom or permission to use the fire-escapes as a means of access to the roof or even that with the door locked use of the ladder as such means became necessary. From the complaint there is inferable neither duty nor obli-

gation on the part of the defendant nor right of the decedent to use the ladder. Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm.