COASTAL TRANSIT COMPANY & another *vs.* SPRINGFIELD BUS TERMINAL, INC.

PETER PICKNELLY *vs.* SAME.

Hampden. September 23, 1937. — March 21, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Bona Fide Purchaser. Contract*, For use of bus terminal, Conflicting contracts made by same party. *Equity Jurisdiction*, Specific performance.

The proprietor of a motor bus line who made a contract in writing with the proprietor of a bus terminal without giving any consideration therefor beyond a promise to make monthly payments for the use of the terminal was not a purchaser for value of a right given in the contract to receive at the terminal all passengers for a certain destination, and consequently the proprietor of another bus line with whom the proprietor of the terminal previously had made a contract giving a similar, conflicting right was entitled in equity to enjoin the proprietor of the bus terminal from recognizing the right later given.

BILL IN EQUITY, filed in the Superior Court on October 25, 1934, by Coastal Transit Company and The Short Line, Inc. of Mass.; also a

BILL IN EQUITY, filed in the Superior Court on November 9, 1934, by Peter Picknelly doing business as Peter Pan Bus Lines.

Decrees were entered by order of *Burns,* J., as follows: in the first suit enjoining the defendant "from selling, or permitting to be sold, tickets from Springfield to Worcester and intermediate points via any motor bus or buses other than those of the plaintiffs and Springfield Street Railway Company, covering the route now used by said companies between Springfield and Worcester. And further, that the defendant be and hereby it is restrained and enjoined from permitting or allowing any motor bus carrier other than the plaintiffs and Springfield Railway Company and Peter Picknelly doing business as Peter Pan Bus Lines to receive in and from its terminal passengers to Worcester and intermediate points." In the second suit, the decree ordered "that the defendant offer for sale and sell the plaintiff's tickets to and from Worcester at its terminal for the interstate operation of the plaintiff's buses under the terms of a contract entered into between the plaintiff and the defendant June 22, 1934."

The plaintiffs appealed from the final decree in the first suit, and the defendant appealed from that in the second suit.

The cases were submitted on briefs.

*R. D. Mallary & M. P. Gilbert,* for the plaintiffs Coastal Transit Company and another.

*S. Martinelli,* for the plaintiff Picknelly.

*J. H. Mulcare,* for the defendant.

LUMMUS, J. Each of these suits is for specific performance of a contract for exclusive rights in the plaintiff, which conflict with rights claimed by the plaintiff in the other case. In neither case is the plaintiff in the other case made a party defendant, as would have been the better practice. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122, 130. *Holden* v. *Efficient Craftsman Corp.* 234 N. Y. 437, 440.

*Manchester Ship Canal Co.* v. *Manchester Racecourse Co.* [1901] 2 Ch. 37, 51. *Western Union Telegraph Co.* v. *Rogers,* 15 Stew. (N. J.) 311. Neither were the cases consolidated in the sense of being fused. *Lumiansky* v. *Tessier,* 213 Mass. 182, 189. The cases were heard together before the same master, his report was filed in each case at the same time, and the cases were submitted together on briefs in this court. It would have been better had the reports been identical. But we ought not, in dealing with one case, to ignore altogether the proceedings in the other. *O'Day* v. *Bowker,* 143 Mass. 59, 67. We shall state the facts as they appear in one record or the other. The result will not, however, be affected by this course.

Coastal Transit Company is a Rhode Island corporation. The Short Line, Inc., is a Massachusetts corporation. Together they operate, apparently in the name of the latter, a bus line between Springfield and Worcester by a route lying wholly in Massachusetts. The defendant in each case, Springfield Bus Terminal, Inc., is a Massachusetts corporation. It operates a bus terminal upon leased premises in Springfield for the use of various bus lines. Picknelly operates a bus line from Springfield through Stafford Springs (Connecticut) and Worcester to Boston.

Coastal Transit Company and its nominee, The Short Line, Inc., received by a contract with the defendant, under seal, dated May 2, 1934, in which the defendant was called the licensor and Coastal Transit Company the licensee, a grant for a term of years of the "non-exclusive right, license and privilege to use in conjunction with the Licensor and other licensees, (now or hereafter to be licensed), the facilities of said terminal to the extent necessary" for its business, and also "the following exclusive rights in and from the terminal; (a.) To receive from said terminal all passengers to Worcester and intermediate points, except that similar rights may be granted to the Springfield Street Railway Company on a schedule of departures at least one hour away from the departures of Licensee. The time of departure of the Licensee to be on the odd hour. (b.) To receive from said terminal all passengers to Boston and

intermediate points between Worcester and Boston, except that similar rights may be granted to another bus line on a schedule of departures at least one hour away from the departures of the Licensee." No similar rights were ever granted to the Springfield Street Railway Company.

The Short Line, Inc., has used the terminal and its facilities, including the selling of tickets by the defendant, since the opening of the terminal on August 20, 1934. Beginning with August 25, 1934, the defendant permitted a similar use by Picknelly also, for the reception and accommodation of passengers intending to use his buses from Springfield to Worcester, which left the terminal on the even hour; and the defendant sold tickets at the terminal for the journey. Coastal Transit Company and The Short Line, Inc., on October 25, 1934, brought one of the present suits to restrain such conduct. The defendant thereupon desisted.

But Picknelly, too, claimed exclusive rights. On June 22, 1934, in ignorance of the earlier contract of May 2, 1934, he had obtained a contract from Springfield Bus Terminal, Inc., under seal, by which that corporation, called the licensor, granted to Picknelly, called the licensee, for a term of years, "a non-exclusive right, license and privilege to use in conjunction with the Licensor and other licensees, (now or hereafter to be licensed), the facilities of said terminal to the extent necessary" for his business, and also "the following exclusive rights in and from the terminal: 1. To receive from said terminal all passengers to Boston via Stafford Springs in the State of Connecticut. 2. To receive from said terminal all passengers to Boston and intermediate points between Springfield and Boston on said interstate operation." Picknelly learned of the exclusive rights promised Coastal Transit Company and The Short Line, Inc., only a few days before the opening of the terminal on August 20, 1934. On November 9, 1934, Picknelly brought the other of the present suits for the specific performance of his contract of June 22, 1934, with respect to passage between Springfield and Worcester.

An analysis of the "exclusive rights" given by the de-

fendant to the several plaintiffs, shows that they conflict. Coastal Transit Company and The Short Line, Inc., were given the exclusive right to receive from the terminal "all passengers to Worcester," while Picknelly was given the exclusive right to receive from the terminal "all passengers to . . . intermediate points between Springfield and Boston on said interstate operation," one of which intermediate points is Worcester. One of the promises cannot be kept.

The right to use the terminal seems to us in the nature of an easement. *Baseball Publishing Co. v. Bruton, ante,* 54. Physically that right was not to be exclusive in either of the so called licensees, for each contract contemplated an extensive similar use by other bus lines. *Healey v. Smith Carriage Co.* 265 Mass. 203, 208, 209. *Merry v. Priest,* 276 Mass. 592, 600. *Imbriaco v. Engel,* 112 N. J. Eq. 253. The right granted differs from a right to maintain a way, a telegraph line, a drain pipe, or a vault in a church, for one's exclusive use, in which case the exclusiveness may be deemed to characterize the easement and to inhere in it, even at law. *Greene v. Canny,* 137 Mass. 64. *Reiver v. Voshell,* 18 Del. Ch. 260. *American Telephone & Telegraph Co. of Massachusetts v. McDonald,* 273 Mass. 324. *Lee v. Stevenson,* El. Bl. & El. 512. *Bryan v. Whistler,* 8 B. & C. 288. In the present case the easement, properly speaking, consists of the right to enjoy the use of the terminal and its facilities. The claim of each of the several plaintiffs to the exclusive right to receive passengers for Worcester, has little or no relation to the physical use of the terminal, but concerns only freedom from business competition. It is not property at law, but rests in contract. The resultant remedy by specific performance creates only an equity. See *Shade v. M. O'Keefe, Inc.* 260 Mass. 180; *Sheff v. Candy Box Inc.* 274 Mass. 402, 406; *Crocker-McElwain Co. v. Assessors of Holyoke,* 296 Mass. 338, 348; *Everett Factories & Terminal Corp. v. Oldetyme Distillers Corp.* 300 Mass. 499, 505–507.

Plainly the prior grant of the easement to Coastal Transit Company and The Short Line, Inc., vested in them a

legal easement which could not be impaired by the later contract with Picknelly.   Treating the two contracts for exclusive rights as contracts or equities merely, the earlier should prevail.   *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122.   *White Marble Lime Co.* v. *Consolidated Lumber Co.* 205 Mich. 634.   *Manchester Ship Canal Co.* v. *Manchester Racecourse Co.* [1901] 2 Ch. 37, 50, 51.   *Western Union Telegraph Co.* v. *Rogers,* 15 Stew. (N. J.) 311.   *Johnson* v. *Hayward,* 74 Neb. 157, 165, 166.   *Hendler Creamery Co.* v. *Lillich,* 152 Md. 190.   Chafee & Simpson, Cas. Eq. 674.   Williston, Contracts (Rev. Ed.) § 1429.   See also *Beekman* v. *Marsters,* 195 Mass. 205; *E. L. Husting Co.* v. *Coca Cola Co.* 205 Wis. 356, 84 Am. L. R. 22; *Nokol Co. of Missouri* v. *Becker,* 318 Mo. 292; Williston, Contracts (Rev. Ed.) § 1453.   Compare *Saperstein* v. *Mechanics & Farmers Savings Bank of Albany,* 228 N. Y. 257, 260. But by the contract of June 22, 1934, Picknelly also was granted a legal easement, which if unrestricted would be inconsistent with the contractual or equitable rights of the other plaintiffs under the earlier contract of May 2, 1934. If he was not a purchaser for value, the equities arising out of the earlier contract of May 2, 1934, prevail over his legal title.   But if he was such a purchaser, he took his legal title free from those equities.

The record does not show that Picknelly paid any substantial value or consideration for his contract beyond his promise to make monthly payments for the use of the terminal and its facilities.   All the inferences from the findings are that he paid nothing.   The law is settled that an unperformed obligation is not value, sufficient to make one a purchaser for value entitled to hold free from prior equities.   Am. Law Inst. Restatement: Trusts, §§ 302, 303. *Tourville* v. *Naish,* 3 P. Wms. 307.   *Hardingham* v. *Nicholls,* 3 Atk. 304.   *Dow* v. *Jewell,* 18 N. H. 340, 358.   *Macauley* v. *Smith,* 132 N. Y. 524, 532.   *Bridgewater* v. *Ocean City Association,* 85 N. J. Eq. 379, 385, affirmed 88 N. J. Eq. 351.   *Lewis* v. *Phillips,* 17 Ind. 108.   *Baldwin* v. *Sager,* 70 Ill. 503.   *Palmer* v. *Williams,* 24 Mich. 328.   *Wiles* v. *Shaffer,* 175 Mich. 704.   *Mackey* v. *Bowles,* 98 Ga. 730.

*Kitteridge* v. *Chapman*, 36 Iowa, 348. *Henry* v. *Phillips*, 163 Cal. 135. See also *Wenz* v. *Pastene*, 209 Mass. 359, 362, 363. The rights of Picknelly are inferior to the rights created by the earlier contract of May 2, 1934.

The result is, that in the Picknelly case the final decree is reversed, and the bill is to be dismissed with costs; and that in the Coastal Transit Company case the final decree is to be modified by striking out the words "covering the route now used by said companies between Springfield and Worcester," and the words "and Peter Picknelly doing business as Peter Pan Bus Lines," and as so modified it is affirmed with costs.

*Ordered accordingly.*