James Ireland, Jr., an Infant under the Age of 14 Years, by Rose Ireland, His Guardian ad Litem, Respondent, *v.* Complete Machinery & Equipment Co. Appellant.

Supreme Court, Appellate Term, Second Department, May 2, 1940.

*James J. Mahoney* [*James A. Gill* of counsel], for the appellant.

*Robert J. Eliasberg* [*Murray Miller* of counsel], for the respondent.

PER CURIAM. The infant plaintiff herein recovered a judgment in the court below for injuries claimed to have been sustained when he placed his hand on a primer pump being used to pump water out of the basement of a building owned by the Bank of Manhattan. The pump was stationed in an alley owned by the bank and adjoining its building and was being operated by the defendant, an independent contractor.

Viewing the evidence in a light most favorable to him, the plaintiff was at best a bare licensee, and the question is whether the defendant was subject to the same rule of liability which defines the owner's duty to licensees, namely, to refrain from active negligence. (*Vega* v. *Lange,* 248 App. Div. 521, 523.) Contending that the defendant's duty was to refrain from passive as well as active negligence, plaintiff cites several cases, none of which can be regarded as decisive of the issue. In *Cavanaugh* v. *Peoples Gas & Electric Co.* (234 App. Div. 402, 403) the plaintiff suffered injuries when he came in contact with an electric wire maintained by the defendant over a city bridge. The wires were so maintained by consent implied from the terms of a lighting contract with the city. The plaintiff was on the bridge by consent implied from long-continued acquiescence. On these facts the court held that the rule which applies between the owner of land and licensees has no application between a licensee and strangers or other licensees. To the same effect was *Ferrari* v. *New York Central R. R. Co.* (224 App. Div. 182; affd., 250 N. Y. 527); *Wilson* v. *American Bridge Co.* (74 App. Div. 596, 599). In all of these cases the defendants were maintaining dangerous instrumentalities, not for the benefit of the owners of the land, but for their own purposes. The Restatement of the Law of Torts draws a distinction between that type of situation and one wherein the defendant acts on behalf of the landowner. In the former (§ 386) the defendant is said to be under a duty to act with reasonable care to prevent bodily harm to gratuitous licensees, while in the latter (§ 383) the defendant is said to enjoy the same immunity from liability

as though he were the owner of the land. The distinction is well drawn, for one who occupies land at the invitation of the owner and for the purpose of conferring benefits upon him, should not be required to assume any greater burden than that borne by the owner. Authority for this view may be found in *Downes* v. *Elmira Bridge Co.* (179 N. Y. 136) and *Magar* v. *Hammond* (183 id. 182). (See, also, the following decisions from other jurisdictions: *Cole* v. *Willcutt & Sons Co.,* 214 Mass. 453; 101 N. E. 995; *State Compensation Insurance Fund* v. *Allen,* 104 Cal. App. 400; 285 P. 1053; *Toomey* v. *Wichison Industrial Gas Co.,* 144 Kan. 534; 61 P. [2d] 891; *Pettyjohn & Sons* v. *Basham,* 126 Va. 72; 100 S. E. 813.)

At first blush, it would seem that a different rule was applied in *Constantino* v. *Watson Contracting Co.* (219 N. Y. 443). But the statement in that case that the rule which only requires a landowner to abstain from inflicting willful injuries on trespassers or licensees " has no application between a licensee and strangers or other licensees " was pure *dictum,* for the decision turned on evidence of the defendant's active negligence and on the fact that the plaintiff's intestate was on the premises at the express invitation of the owner.

In this case the pump was installed in the alley and was being operated by the defendant at the invitation of the landowner and for its benefit. The plaintiff was either a trespasser or a bare licensee, as to whom the defendant, " clothed with the rights of the owner of the property " (*Downes* v. *Elmira Bridge Co., supra,* pp. 141, 142), was only under a duty to abstain from inflicting injury willfully or by active negligence, of which there is no proof in this record.

The judgment should be reversed upon the law, with thirty dollars costs to the defendant, and the complaint dismissed, with appropriate costs in the court below.

Present — LEWIS, McCOOEY and STEINBRINK, JJ.