■     SARAH GOLD, Respondent, v. WILLIAM B. ROSENBLATT, Doing Business as CRITERION PORTER & WINDOW CLEANING SERVICE COMPANY, Appellant, and F. W. WOOLWORTH Co., Respondent.— In an action to recover damages for personal injuries, allegedly sustained by reason of the defendants' negligence, defendant Rosenblatt appeals from two orders, dated September 1, 1955, and October 3, 1955, insofar as said orders respectively denied his motions to dismiss the complaint of the plaintiff and cross complaint of defendant F. W. Woolworth Co. for failure to state facts sufficient to constitute causes of action. Order of September 1, 1955, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted to the extent of dismissing plaintiff's complaint, with leave to plaintiff to serve an amended complaint within twenty days after the entry of the order hereon, upon payment of said costs and disbursements. Order of October 3, 1955, insofar as appealed from, reversed, without costs, and motion granted to the extent of dismissing the cross complaint of defendant Woolworth, with leave to said defendant to serve upon the attorney for defendant Rosenblatt such pleading as it may be advised within the time prescribed by section 264 of the Civil Practice Act, in the event that plaintiff's complaint against defendant Rosenblatt shall be amended. Plaintiff's complaint alleges that defendant Rosenblatt was engaged in the business of cleaning, waxing and polishing floors; that at the time of the alleged accident said defendant, through one of his employees, was engaged in cleaning, waxing and polishing the floor of certain premises operated, managed and controlled by defendant Woolworth, and that plaintiff, while seeking egress from the elevator to the entranceway to an office and factory upon said premises, was caused to fall and sustain injuries as a result of the negligence of defendant Rosenblatt in applying large and excessive quantities of wax to the floor near the elevator. The complaint does not allege any facts from which it may be inferred that plaintiff was an invitee or a licensee upon the premises. Under the allegations of the complaint, plaintiff may have been a trespasser to whom the only duty of the owner or occupier of the building was to abstain from inflicting intentional, wanton or willful injuries. (Carbone v. Mackchil Realty Corp., 296 N. Y. 154, 158–159.) The complaint contains no allegation of such acts on the part of defendant Rosenblatt. We assume from the allegations of the complaint that said defendant was engaged in the performance of his work, as a contractor, on behalf of the owner of the premises or some other

person or corporation in control thereof. If such was the case, no greater duty of care should be imposed on him than on his principal or employer. (*Downes* v. *Elmira Bridge Co.*, 179 N. Y. 136, 141–142; *Fey* v. *Wolf*, 256 App. Div. 842; *Ireland* v. *Complete Mach. & Equipment Co.*, 174 Misc. 91.) Whatever the situation may have been, however, plaintiff should allege facts from which it may fairly be inferred that defendant Rosenblatt breached a duty which he owed her under the circumstances disclosed. The cross complaint is likewise lacking in factual allegations from which it may be inferred that defendant Rosenblatt violated a duty which he owed plaintiff. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.