Carl C. BAIN, Plaintiff-Respondent,

v.

NEW YORK CENTRAL RAILROAD,
Defendant-Appellant.

No. 314, Docket 29281.

United States Court of Appeals
Second Circuit.

Argued Jan. 28, 1965.

Decided March 12, 1965.

Edward R. Macomber, Rochester (Harris, Beach, Wilcox, Dale & Linowitz, of Rochester, on the brief), for defendant-appellant.

James E. McLaughlin, Pittsburgh, Pa. (John A. DeMay, Pittsburgh, Pa., Walter Brock, Buffalo, N. Y., and McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, on the brief), for plaintiff-respondent.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

In this diversity action the plaintiff, Carl C. Bain, was awarded a jury verdict on which judgment was entered for $100,000. The New York Central Railroad has appealed on the ground that Bain, as a trespasser, failed to prove actual knowledge of his presence and perilous position, by the crew of the train which caused his injuries, because this essential fact could not be inferred from the proof which Bain presented. The Railroad has also appealed from the court's charge which, it claims failed to make clear to the jury, as the Railroad had requested, that it could not find willful and wanton misconduct from the crew's conceded failure in starting the train without inspecting the west side of it and without sounding a whistle or bell.

There was evidence from which the jury could reasonably have found the following facts: Bain was an alcoholic and derelict who had made a practice of frequenting the old subway roadbed in the vicinity of Court Street in the City of Rochester. The subway bed was owned by the City, and for a number of years, its agent, the Rochester Transit Co., operated a freight and passenger service over the tracks located there. In 1956, however, the City discontinued and abandoned all transit services in the area and no longer used the track and roadbed. In 1957 it granted permission to the New York Central Railroad to operate the Railroad's freight service over the old Transit Co. tracks. The Railroad specifically asserts that the agreement was not a lease; and its use of the tracks was in common with other railroads which had been granted similar leave. The area of the tracks was well known to the Railroad and its train crews as a place frequented by bums and adventurous urchins.

On August 30, 1960 a "cut" of freight cars and an engine had been left standing on the tracks there, while the members of the crew went to lunch. When they returned, they immediately boarded and started the train without making any inspection around it and without sounding any bell or whistle. As the last car left the area, Bain was discovered between the track and a cement abutment which was close to, and just west of, the track. Both of his legs and a part of an arm had been cut off. Blood marks were found on the track and also on the two west wheels of the trailing truck of the seventh car and on the west wheels of each truck on the eighth car. There was evidence that he had been dragged over forty feet. It appeared that Bain was, at the time, intoxicated.

While the Railroad concedes that the trial judge correctly charged the jury as to the strict standard of proof required of a trespasser who seeks to recover from an owner of property under the law of New York, it complains that he did not specifically instruct the jury that proof of the failure to investigate and to sound a warning signal was not sufficient to warrant a finding of willful and wanton misconduct.

New York takes the strict view that an owner or occupier of land owes to discovered trespassers only the duty of refraining from acts of wanton and willful misconduct. See Gleason v. Central New England Ry. Co., 261 N.Y. 333, 185 N.E. 401 (1933); Keller v. Erie R.R. Co., 183 N.Y. 67, 75 N.E. 965 (1905); Chernezsky v. City of New York, Sup., 86 N.Y.S.2d 185 (Sup.Ct.1949), aff'd 276 App.Div. 995, 95 N.Y.S.2d 597 (1950). This doctrine is to a very slight degree a relaxation of the old rule that a possessor of land, in carrying out his activities, owes no duty to trespassers. Prosser, Torts, § 76 at 435 (2d ed. 1955).

Proof of actual knowledge on the possessor's part that the intruder was in a position of peril remains a prerequisite to recovery. 2 Harper & James, Law of Torts, § 27.6 at 1465 (1956); cf. Restatement, Torts, § 334.

It is not necessary, however, to pass directly upon the points raised by the Railroad on its appeal, because under the circumstances of this case, it is not in a position to claim the protection accorded to an owner or occupier of land by the restrictive rules relating to the duties owed to trespassers. See 2 Harper & James, op. cit., § 27.2 at 1433–34. By the 1957 agreement the City gave the Railroad, at best, a non-exclusive easement in gross. See Coastal Transit, et al. v. Springfield Bus Terminal, Inc., 302 Mass. 513, 20 N.E.2d 1, 124 A.L.R. 1254 (1939). As such, its right to pass and repass was not a possessory interest because "[o]ne does not * * * possess or occupy an easement or any other incorporeal right." Di Leo v. Pecksto Holding Corp., 304 N.Y. 505, 511, 109 N.E.2d 600, 602 (1952).

Whether Bain was a trespasser in the common law sense or under Railroad Law, § 83 McKinney's Consolidated Laws of New York, Book 48, c. 49 (1952), a penal statute, which has been construed to make a violator "like a trespasser," Keller v. Erie R.R. Co., supra, the Railroad could not invoke the immunities available to a landowner who is sued by a trespasser, if it did not own an interest in the land or had not leased it. In Keller and other New York cases which discuss trespassers on railroad tracks the opinions, in effect, refer to tracks on a railroad's right of way which, in its usual sense, is more than a mere right or privilege of user and is an interest, possessory in nature. Clark, Covenants and Interests Running with Land (2d ed. 1947), pp. 83–84. In the present case the New York Central had simply a right to have its freight cars operate on the City's tracks and land. 3 Tiffany, Real Property, § 772 at 232–233. See Restatement, Torts, §§ 383, 386; Humphrey v. Twin State Gas & Electric Co.,

100 Vt. 414, 418, 139 A. 440, 442, 56 A.L.R. 1011 (1927).

The Railroad was operating its own business there; it was not acting specifically on behalf of, or for the benefit of the City of Rochester. Under the circumstances the Railroad cannot raise the defense that Bain was a trespasser to whom no duty of ordinary reasonable care was owing. Ireland v. Complete Mach. & Equip. Co., 174 Misc. 91, 21 N.Y.S.2d 430 (App.Div.1940). See Ferrari v. New York Cent. R.R. Co., 224 App.Div. 182, 230 N.Y.S. 60, aff'd 250 N.Y. 527, 166 N.E. 311 (1928); Cavanaugh v. People's Gas & Electric Co., 234 App.Div. 402, 254 N.Y.S. 835 (1932).

The due care standard therefore governs this case, and the evidence supports the verdict on negligence principles. The abrupt starting up of the train without warning or inspection under circumstances where, if a reasonable inspection by the crew had been made, they would have seen Bain, was highly negligent. Bain may well have been guilty of contributory negligence, but the court's instructions covered the issues of negligence and contributory and supervening negligence.

Consideration of proof of actual knowledge, that the intruder is in a position of peril, must be given both to cases where a trespasser is suing, on the claim of willful and wanton misconduct, one who has a possessory interest in land, and where the defendant, as here, has no such interest and the trespasser depends for recovery on the theory of supervening negligence or last clear chance.

Whether, for the purpose of proving willful and wanton misconduct in the case of a trespasser against an owner of a possessory interest in land, actual knowledge of Bain's presence must be clearly proven by evidence to that effect, or constructive knowledge will do, is something, as stated above, we do not need to pass upon. For the purpose of proving supervening negligence or last clear chance, a finding of actual knowl-

edge is still necessary, Chadwick v. City of New York, 301 N.Y. 176, 93 N.E.2d 625 (1950), but in such a case actual knowledge may be inferred from proof of "negligence so reckless as to betoken indifference to knowledge." Woloszynowski v. New York Cent. R. Co., 254 N.Y. 206, 172 N.E. 471 (1930). There was in the case sufficient evidence, together with the inferences which could reasonably be drawn therefrom, to justify a finding of this legally sufficient equivalent of actual knowledge. Prosser, Torts, § 76 at 433–34, text for notes 69, 70; § 52 at 293 n. 87. As the court in its charge held the jury to a stricter standard than the appellant was entitled to and the verdict was nevertheless in favor of Bain, the error was harmless.

The judgment of the court below is affirmed.